Anthony E. GILL, Appellant,

v.

Nicholas J. RUSSO, Appellee.

No. 01–00–00070–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 1, 2001.

Anthony E. Gill, Beeville, for Appellant.

John Gregory Myers, Houston, for Appellee.

Panel consists of Justices COHEN, JENNINGS, and DUGGAN.*

## OPINION

COHEN, Justice.

Gill appeals the dismissal of his medical malpractice claims because of his failure to provide an expert report, as required by the Medical Liability and Insurance Improvement Act (the Act). *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d), (e) (Vernon Supp.2001).[1] We affirm.

## Facts

Gill, a *pro se* inmate, had several cavities filled by appellee, Dr. Nicholas J. Russo, during his confinement. Gill contends Russo was negligent.

## Analysis

In his third issue, Gill contends the provision requiring that an expert report be filed within 180 days of filing suit is unconstitutional as applied to him because he is indigent. TEX. CONST. art. I, § 13 (Open Courts Provision); TEX.REV. CIV. STAT. ANN. art. 4590i, § 13.01(d), (e). For the statute to violate the open courts provision, Gill must (1) have alleged a cognizable common-law cause of action that is restricted and (2) show that the restriction is unreasonable or arbitrary when balanced against the statute's purpose. *See Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex. 1983). Gill's medical negligence claim is recognized at common law, *see Humphreys v. Roberson,* 125 Tex. 558, 83 S.W.2d 311, 311–12 (1935), and it is restricted by the Act. Thus, we focus on the second prong of the test.

Gill contends the expert report requirement is unreasonable as applied to him because he (1) cannot interview physicians from prison and (2) does not have enough money to obtain the reports. *See* TEX.REV. CIV. STAT. ANN. art. 4590i, § 13.01(d), (e). The Seventh Court of Appeals recently held that because prosecuting a medical malpractice case requires expert testimony at trial, it did not violate an indigent plaintiff's constitutional rights to require an expert report before trial. *Knie v. Piskun,* 23 S.W.3d 455, 467 (Tex.App.—Amarillo 2000, pet. denied). We agree.

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. § 13.01(d) Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:

 (1) furnish to counsel for each physician or health care provider one or more *expert reports,* with a *curriculum vitae* of each expert listed in the report; ...

§ 13.01(e) If a claimant has failed, for any defendant physician or health care provider, to comply with Subsection (d) of this section within the time required, the court shall, on the motion of the affected physician or health care provider, enter an order awarding as sanctions against the claimant or the claimant's attorney: ...

 (3) the *dismissal* of the action of the claimant against that defendant *with prejudice* to the claim's refiling.

Our civil law provides for waiver of filing fees for indigents under Tex.R. Civ. P. 145 and, in the trial court's discretion, for free counsel under Tex. Govt.Code Ann. section 24.016 (Vernon 1988). No statute provides for free experts to support an indigent plaintiff's case. Gill cites no authority holding that the Texas or United States Constitution requires that.[2] Sections 13.01(d) and (e) are reasonable restrictions because they are directly related to the Act's purpose of discouraging frivolous lawsuits. Expert testimony is the very proof Gill would have to provide either to win at trial or to avoid a summary judgment before trial. If Russo had moved for a summary judgment supported by expert medical testimony of no negligence, had moved for a no-evidence summary judgment, or had set the case for trial, Gill would have lost summarily for the same reason—no expert. *See Ocomen v. Rubio,* 24 S.W.3d 461, 466 (Tex.App.—Houston [1st Dist.] 2000, no pet.).

Gill's response to Russo's dismissal motion stated that "[t]he only reasonable alternative ... is to *allow him to proceed to trial* ... without an expert report." (Emphasis added.) Gill apparently wanted to proceed to trial without any expert testimony at all. He wanted a different substantive law of medical malpractice to be applied in his favor because he was indigent. That is more than the law allows. In his motion to proceed without an expert report, Gill stated,

> While it is a general rule that the plaintiff in a medical malpractice claim must establish his cause of action by expert testimony, and the statutory requirement of sec. 13.01(d) is *harmless* in that the plaintiff would have to produce expert testimony anyway, this rule is not an absolute.

(Emphasis added.) Even if not absolute, the rule applies here. Gill's lawsuit re-

quires expert testimony. *See Ocomen,* 24 S.W.3d at 466. Therefore, we agree with Gill that the requirement of an expert report before trial was harmless. The trial judge did not err, and in addition, appellant was not harmed by losing for lack of an expert at this stage, instead of later.

We overrule Gill's third issue.

The discussion of the remaining issues does not meet the criteria for publication, Tex.R.App. P. 47, and is thus ordered not published.

The judgment is affirmed.

---

**2.** *Compare Ake v. Oklahoma,* 470 U.S. 68, 83–84, 105 S.Ct. 1087, 1096–97, 84 L.Ed.2d 53 (1985) (requiring State to pay for psychiatrist to support insanity defense in capital murder

case); *see also* Tex.Code Crim. P. Ann. art. 26.05(a), (f) (Vernon 1989 & Supp.2001); *id.,* art. 26.055 § 3(a)(2) (Vernon Supp.2001).