Opinion issued May 9, 2002
















In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00736-CV

____________


JAMES DARCY ROBISON, Appellant


V.


UNIVERSITY OF TEXAS AT HOUSTON HEALTH SCIENCE CENTER,
Appellee






On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 00-47265






O P I N I O N

 Appellant, James Darcy Robison, challenges the trial court's dismissal of his pro
se medical malpractice suit against appellee, University of Texas at Houston Health
Science Center (the Center). Robison, in his sole issue, claims the trial court erred in
granting the Center's motion to dismiss under article 4590i of the Medical Liability and
Insurance Improvement Act because the evidence in support of the Center's motion
was "factually insufficient" and the result was unconstitutional. We affirm.

Background

 On September 15, 2000, Robison filed suit against the Center, claiming he was
fraudulently diagnosed as having bipolar disorder, unnecessarily prescribed lithium,
and unlawfully restrained in its health care facility. On December 15, 2000, Robison
filed an affidavit in lieu of a cost bond pursuant to sections 13.01(a) and (o) of article
4590i. On May 25, 2001, the Center filed its motion to dismiss Robison's suit, alleging
he did not comply with section 13.01(d) of article 4590i because he failed to furnish
the Center with an expert report within 180 days of filing his suit. (1) Following a hearing
on July 9, 2001, the trial court granted the Center's motion to dismiss.

Dismissal of Health Care Liability Claim

 Because Robison's health care liability claim was governed by article 4590i, he
was required, within 180 days of filing his suit, to furnish to the Center one or more
expert reports, with a curriculum vitae of each expert listed in the report, or voluntarily
file a nonsuit under section 13.01(d). Tex. Rev. Civ. St. Ann. art. 4590i §1.03(a)(4),
13.01(d) (Vernon 1999). Contrary to Robison's assertion, compliance with section
13.01(a) and (o), filing an affidavit in lieu of a cost bond within 90 days of filing suit,
does not satisfy the above requirements of section 13.01(d). Id. at 13.01(a). See Gill
v. Russo, 39 S.W.3d 717, 718-19 (Tex. App.--Houston [1st Dist.] 2001, pet. denied).

 Under subsection (e) of Section 13.01, when a claimant fails to provide an expert
report under subsection (d) within the required time, the trial court must, on the motion
of the defendant physician or health care provider, enter an order awarding as sanctions
against the claimant or the claimant's attorney: (1) the reasonable attorney's fees and costs of court incurred by that
defendant;


 (2) the forfeiture of any cost bond respecting the claimant's claim
against that defendant to the extent necessary to pay the award; and


 (3) the dismissal of the action of the claimant against that defendant
with prejudice to the claim's refiling.


Id. at 13.01(e) (emphasis added).

 The record reveals that Robison filed his suit on September 15, 2000. Thus, he
was required to furnish an expert report to the Center or non-suit the case on or about 
March 15, 2001. He did neither, and the trial court, after a hearing on July 9, 2001,
granted the Center's motion to dismiss.

 We review a trial court's decision to dismiss a suit under section 13.01(e) of
article 4590i for an abuse of discretion. American Transitional Care v. Palacios, 46
S.W.3d 873, 875 (Tex. 2001). The sanction of dismissal imposed by the trial court was
mandated by statute. Tex. Rev. Civ. St. Ann. art. 4590i §13.01(e) (Vernon 1999). 
Because Robison did not meet the statutory procedural requirements of providing an
expert report to the Center or filing a voluntary nonsuit within 180 days of filing his
claim, the trial court did not abuse its discretion in dismissing, with prejudice, his claim
against the Center.

 Robison also argues that the requirement of an expert report is unconstitutional
because "if no other doctor would be willing to write an expert report for the plaintiff,
then the plaintiff could be denied justice." Robison makes no mention of any actual
attempt to obtain an expert report. Thus, his failure to comply may be from oversight
or mistake as much as from actual inability. Robison failed to provide sufficient
evidence that the requirement of an expert report actually kept him from pursuing his
claim, as was his burden. Schorp v. Baptist Mem'l Health Sys., 5 S.W.3d 727, 737(Tex.
App.--San Antonio 1999, no pet.). Moreover, for the reasons stated in Gill, 39 S.W.3d
at 718-19, Robison's constitutionality argument is without merit. 

 We overrule appellant's sole issue.




 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Mirabal, Hedges and Jennings.

Do not publish. Tex. R. App. P. 47.
1. Robison never filed an expert affidavit, as required under section 13.01(d), nor
was an extension of time to file the affidavit ever granted.