Theron BELTON, Appellant,

v.

CONAGRA POULTRY CO.
and TDCJ, Appellees.

No. 10–02–071–CV.

Court of Appeals of Texas,
Waco.

Jan. 15, 2003.

Theron Belton, Midway, Appellant Pro se.

Harold J. Liller, Asst. Atty. Gen., Austin, for TDCJ.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

This appeal involves a pro-se *in forma pauperis* suit that was dismissed under Chapter Fourteen of the Texas Civil Practice and Remedies Code (TCPRC). We reverse the trial court's order and remand for further proceedings.

### I. Background

Inmate Theron Belton filed suit against the Conagra Poultry Company and the

Texas Department of Criminal Justice (TDCJ) for an injury he allegedly received while eating chicken in the dining hall. Belton complains that Conagra failed to properly inspect its chicken before shipping and that TDCJ kitchen employees served him the defective chicken breast after having failed to properly clean the chicken before serving. As a result, a metal clamp was left in Belton's chicken, and he was subsequently injured. In his complaint, Belton asserted his claims against TDCJ under the Texas Tort Claims Act. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). Along with his complaint, he filed an "Affidavit of Inability to Pay Costs," and an "Unsworn Declaration on Previous Filings."

The Attorney General of the State of Texas filed an advisory with the trial court informing it that the AG would represent TDCJ in this suit. At the same time, the AG filed an *"Amicus Curiae* Chapter Fourteen Advisory," urging that Belton's suit be dismissed because he had failed to comply with Chapter Fourteen of the TCPRC. Specifically, Belton's declaration on previous filings did not include a statement of the operative facts from his previous lawsuits and, in addition, he failed to provide an affidavit or unsworn declaration of exhaustion of administrative remedies. *See id.* §§ 14.004(a)(2)(A), 14.005(a)(1) (Vernon 2002).

Before the trial court ruled on the AG's recommendation, Belton filed a declaration of exhaustion of administrative remedies, and an amended declaration of previous filings. The trial court then "consider[ed] the pleadings of the parties filed herein" and ordered the cause of action dismissed without prejudice. Belton appeals three issues to this Court. In the first two, he complains that the trial court abused its discretion by dismissing his claim under sections 14.004 and 14.005 of the TCPRC

because the trial court should have considered his amended filings. In his third issue, Belton contends that the trial court abused its discretion by dismissing his cause of action against Conagra when it dismissed his claim against TDCJ. For the reasons outlined below, we reverse the trial court's order dismissing Belton's claims and remand for further proceedings.

## II. Standard of Review

■ Chapter Fourteen of the TCPRC applies to *in forma pauperis* suits brought by inmates, and therefore to this case. *Id.* § 14.002 (Vernon 2002). This Court has held that the proper review of a dismissal under Chapter Fourteen is controlled by an abuse of discretion standard. *Hickson v. Moya,* 926 S.W.2d 397, 398 (Tex.App.-Waco 1996, no writ). This standard requires that we determine whether the trial court acted without reference to any guiding rule or principle. *Id.* We will use this standard in considering the issues before us.

## III. Trial court's review of amended pleadings

In his first two issues, Belton argues that the trial court should not have dismissed his claims because he amended his pleadings to fulfill the requirements of sections 14.004 and 14.005. Section 14.004 requires that an inmate filing suit under Chapter Fourteen must also file an affidavit or declaration that identifies and describes any other lawsuits that he has previously brought. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (Vernon 2002). This requirement is designed to assist the trial court in making timely determinations which aid in conserving valuable judicial resources. *See Hickson,* 926 S.W.2d at 399. Section 14.005 further requires that the inmate file a declaration that he has

exhausted his administrative remedies. TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(a) (Vernon 2002). This is to enable the trial court to determine if the suit was filed within the thirty-one days required by the statute. *See id.* § 14.005(b).

■ Here, Belton amended his pleadings and filed the required declarations before the trial court ordered his case dismissed. Belton complains that the trial court did not consider his amended pleadings but we see nothing in the record to indicate this. In fact, the trial court's order specifically refers to the pleadings of the parties on file. Belton's mistake would appear to be in assuming that the trial court was limited in its review to the AG's Chapter Fourteen Advisory and its recommendation to dismiss because Belton had not filed the requisite declarations. The trial court was under no such restriction. It need not rely upon a motion of the defendant in order to exercise its discretionary power to dismiss under Chapter Fourteen. *See McCollum v. Mt. Ararat Baptist Church,* 980 S.W.2d 535, 537 (Tex. App.-Houston [14th Dist.] 1998, no pet.).

■ Our inquiry does not end here, however, because the Supreme Court of Texas tells us to liberally construe an appellant's point of error. *See Texas Mexican Ry. v. Bouchet,* 963 S.W.2d 52, 54 (Tex.1998). In fact, "[a] point of error is sufficient if it directs the attention of the appellate court to the error about which complaint is made." *Id.* (citations omitted). Accordingly, we will now consider whether the trial court abused its discretion when it dismissed Belton's suit under Chapter Fourteen based on the pleadings on file.

### IV. Trial court's dismissal under §§ 14.004 and 14.005

■ The AG argues that Belton's amended declaration on previous filings is inadequate even as amended because its operative facts are merely designations of legal theories. We disagree. The case on which the AG relies is *White v. State,* 37 S.W.3d 562 (Tex.App.-Beaumont 2001, no pet.). In *White,* the inmate used descriptions such as "no evidence and double jeopardy," "misuse of state property," "due process violation," and "strip search," to satisfy the statute's requirement of operative facts. In one of Belton's descriptions of a previous filing, for example, he states that he was denied access to court when an officer "refused to return plaintiff's legal material that was illegally confiscated [and] was needed for a pending case." He further explains that this allegedly illegally confiscated legal material caused him to miss a deadline with the court. We hold that Belton's statement of operative facts satisfies the statutory requirement. Likewise, Belton's declaration of exhaustion of administrative remedies fulfills the statute's requirements and his filing was not outside the thirty-one day limitation. We therefore find no basis for the trial court's dismissal of Belton's claims against TDCJ. Likewise, we find no basis for the trial court's order dismissing the claims against Conagra.

### VI. Conclusion

In sum, we reverse the trial court's order dismissing Belton's claims and remand for further proceedings.