Opinion issued July 8, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00471-CV




 DAN THOMAS, Appellant

V.

UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON,
Appellee




On Appeal from the 405th District Court
 Galveston County, Texas
Trial Court Cause No. 02-CV-0258-A





* * *




NO. 01-03-00472-CV




 DAN THOMAS, Appellant

V.

NALINI P. REDDY, M.D., Appellee




On Appeal from the 405th District Court
 Galveston County, Texas
Trial Court Cause No. 02-CV-0258-B




MEMORANDUM OPINION

          Appellant, Dan Thomas, appeals from orders dismissing with prejudice his
medical-malpractice claims against appellees, The University of Texas Medical
Branch at Galveston (“UTMB”) and Nalini P. Reddy, M.D. (together, “appellees”),
under former article 4590i, section 13.01of the Revised Civil Statutes.


 See Act of
April 19, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2064
[hereinafter “former article 4590i, section 13.01”], repealed by Act of June 2, 2003,
78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at
Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon Supp. 2004)). In both
appeals, we determine whether the trial court abused its discretion (1) in dismissing
Thomas’s claims with prejudice because he failed to file an expert report pursuant to
former article 4590i, section 13.01(d); (2) in denying Thomas’s motion for a bench
warrant to appear at a pre-trial status conference; (3) in allegedly failing to rule on a
motion to stay proceedings to allow for mediation, when that motion does not appear
in the record; and (4) in denying Thomas’s motion to appoint counsel for mediation.


 
In the appeal in the cause involving UTMB, we also determine whether the trial court
erred in allegedly denying Thomas’s motion for default judgment, when no such
motion appears in the record. We affirm the judgments in both appeals.
Facts
          Thomas, a prison inmate, sued UTMB, Reddy, and another doctor, alleging that
he was injured by the defendants’ negligence in using an intravenous apparatus on
him. Appellees separately moved to dismiss Thomas’s claims pursuant to former
article 4590i, section 13.01(e) because Thomas had not filed an expert report. Each
appellee’s motion also contained a request to sever Thomas’s claims against that
appellee from the claims against the other defendants. Thomas never filed an expert
report. On March 7, 2003, the trial court, by separate orders, granted appellees’
motions, dismissed Thomas’s claims against appellees with prejudice, and severed
the dismissed claims from the claims against the third defendant, who is not a party
to this appeal.
Dismissal With Prejudice
          In issue five in the appeal involving UTMB (appellate cause number 01-03-00471-CV) and in issue four in the appeal involving Reddy (appellate cause number
01-03-00472-CV), Thomas asserts that “[t]he trial court abused its discretion in his
granting the def[endants’] motion to sever and dismiss with prejudice.” Thomas’s
entire argument is as follows:
The trial court abused its discretion in dismissing with prejudice, after
granting def[endants’] motion to sever. Because the trial court should
look to the live pleadings on file and not consider any evidence, and the
injury is indivisible, which it was in this case. The dividing of the cause
of action, when the def[endants] had the same type of liability.

          Regarding the severance, we note that Thomas is incorrect in claiming that the
trial court severed his claims against the defendants before dismissal; rather, the court
dismissed the claims against appellees and simultaneously severed those dismissed
claims from the ones remaining in the cause. If all claims against all defendants had
still been pending, then whether all three defendants had the “same type of liability”
might have been a relevant consideration in deciding whether to sever the claims
against the two appellees. See Guaranty Fed’l Sav. Bank v. Horseshoe Operating
Co., 793 S.W.2d 652, 658 (Tex. 1990) (holding that trial court properly exercises
discretion in severing claims when, among other things, severed actions are not so
interwoven with other claims that they involve the same facts and issues). However,
this consideration became moot after the trial court dismissed the claims against
appellees: once those claims were dismissed, it was irrelevant whether the dismissed
claims had anything in common with the still-pending ones.
          To the extent that Thomas complains of the dismissal, we review a dismissal
under former article 4590i, section 13.01(e) for abuse of discretion. Am. Transitional
Care Centers v. Palacios, 46 S.W.3d 873, 875, 878 (Tex. 2001). Former article
4590i, section 13.01(d) requires a plaintiff asserting a medical-malpractice claim to
file an expert report and the expert’s curriculum vitae or to nonsuit his claims within
180 days of his filing suit. Former art. 4950i, § 13.01(d); Palacios, 46 S.W.3d at 877. 
This requirement has been held constitutional even when applied to an incarcerated,
indigent plaintiff who appears pro se. See Gill v. Russo, 39 S.W.3d 717, 718 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied) (overruling challenge under Open
Courts Provision of Texas Constitution). If the plaintiff fails to non-suit the case or
to provide the expert report and curriculum vitae within the 180-day period, the trial
court must dismiss the claim with prejudice. Former art. 4950i, § 13.01(e); Palacios,
46 S.W.3d at 877. It is undisputed that Thomas did not file an expert report. 
Therefore, we hold that the trial court did not abuse its discretion by dismissing
Thomas’s claims against appellees with prejudice. See id.
          We overrule Thomas’s issue five in appellate cause number 01-03-00471-CV
and his issue four in appellate cause number 01-03-00472-CV.
Motion for a Bench Warrant
          In issue two in the appeal involving UTMB and in issue one in the appeal
involving Reddy, Thomas contends that the trial court abused its discretion in
refusing “to bench warrant [him] to the pre-trial conference in person or [to] allow
him to appear by any other means.” The pre-trial hearing to which Thomas refers was
a status conference.
          We first note that, although Thomas’s motion was titled a motion for bench
warrant “or [to] appear by other means in the alternative,” the only relief that the
motion sought was for Thomas to be allowed to appear in person, rather than by
telephone or otherwise.
 
          “[A]n inmate does not have an absolute right to appear in person in every court
proceeding.” In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003). Instead, an inmate’s
right to appear is weighed against the protection of our correctional system’s
integrity. Id. Factors to consider in this determination include the cost and
inconvenience of transporting the prisoner to the courtroom; the security risk that the
prisoner presents; whether the prisoner’s claims are substantial; whether the matter’s
resolution can reasonably be delayed until after the prisoner’s release; whether the
prisoner can and will offer admissible, non-cumulative testimony that cannot be
presented by some other means; whether the prisoner’s presence is important in
judging his credibility and demeanor; whether the trial is to a jury or to the court; and
the prisoner’s probability of success on the merits. Id. at 165-66. It is the inmate’s
burden to show that his presence is required. Id. at 166.
          Thomas offered the trial court—and offers this court—no reason why his
presence was required at what appears to have been a routine status conference. The
only factor cited in In re Z.L.T. that he discussed was how no cost would be incurred
in transporting him to court. Moreover, several of the In re Z.L.T. factors weighing
in favor of an inmate’s presence do not apply to a routine status conference. See id. 
Accordingly, we hold that the trial court did not abuse its discretion in denying
Thomas’s request. See id.
          We overrule Thomas’s issue two in appellate cause number 01-03-00471-CV
and his issue one in appellate cause number 01-03-00472-CV.
Mediation
A.       Motion to Stay Proceedings to Allow for Mediation 
          In issue three in the appeal involving UTMB and in issue two in the appeal
involving Reddy, Thomas contends that the trial court erred in failing to rule on his
motion to stay proceedings until mediation was completed.
          The record contains neither a motion to stay, nor a ruling on any such motion.


 
We cannot review an alleged ruling on a motion when the record reveals neither the
motion nor the ruling. See Tex. R. App. P. 33.1(a)(1). 
 
          We overrule Thomas’s issue three in appellate cause number 01-03-00471-CV
and his issue two in appellate cause number 01-03-00472-CV.
B.      Motion to Appoint Counsel for Mediation
          In issue four in the appeal involving UTMB and in issue three in the appeal
involving Reddy, Thomas contends that the trial court abused its discretion by
denying his motion for appointment of counsel for mediation. Specifically, Thomas
argues that he “attempted to do mediation with the court-appointed mediator, Charles
Jordan” but that Jordan “told Thomas that he needed to mediate through his attorney,
and thus [Jordan] did nothing else on mediation.”
          We overrule Thomas’s challenge for the following reasons. First, the docket-control order set May 23, 2003 as the date for completion of mediation. The trial
court dismissed Thomas’s claims with prejudice on March 7, 2003, over two months
before the mediation-completion date. Because nothing in the record shows that
mediation occurred before dismissal, anything relating to mediation would have been
moot as soon as the suit was dismissed. Second, none of the four motions for
appointment of counsel that Thomas filed advised that the mediator would work only
with counsel, and no motion requested that counsel be appointed so that mediation
could go forward.


 The challenge is thus waived. See Tex. R. App. P. 33.1(a)(1). 
Third, nothing in the record supports Thomas’s factual statement that the “Mediator
. . . told Thomas that he needed to mediate through his attorney” or that the mediator
“thus did nothing else on mediation.”
          Fourth, trial courts have discretion to appoint counsel for indigent litigants in
civil cases. See Tex. Gov’t Code Ann. § 24.016 (Vernon 2004) (“A district judge
may appoint counsel to attend to the cause of a party who makes an affidavit that he
is too poor to employ counsel to attend to the cause.”); Gibson v. Tolbert, 102 S.W.3d
710, 712-13 (Tex. 2003). “Some courts of appeals . . . have concluded that the
discretionary boundary of section 24.016 is similar to a court’s inherent power to
appoint counsel—counsel may be appointed in cases in which exceptional
circumstances exist.” Gibson, 102 S.W.3d at 712-13 & 713 n.14 (noting courts of
appeals’ conclusion and assuming without deciding that that conclusion was correct
because parties had so assumed); Wigfall v. Tex. Dep’t of Crim. Justice, No. 01-02-01264-CV, 2004 WL 800363, at *4 (Tex. App.—Houston [1st Dist.] Apr. 15, 2004,
no pet.) (“The Texas Supreme Court has suggested . . . that in ‘exceptional
circumstances,’ a trial court could appoint counsel to an indigent civil litigant.”)
(quoting Gibson, 102 S.W.3d at 713). “In evaluating what might constitute
exceptional circumstances, we are to consider the ‘unique circumstances’ of the case
and determine whether the trial court had ‘no reasonable alternative but to appoint
counsel.’” Wigfall at *4 (quoting Gibson, 102 S.W.3d at 713). Thomas simply did
not explain to the trial court any exceptional circumstances requiring that he have
appointed counsel for mediation, nor do we see any factual circumstances supported
by the record that show that the court had “no reasonable alternative but to appoint
counsel.”


 See Wigfall at *4.
          We thus hold that the trial court did not abuse its discretion in denying
Thomas’s motion to appoint counsel.
          We overrule Thomas’s issue four in appellate cause number 01-03-00471-CV
and his issue three in appellate cause number 01-03-00472-CV.
Motion for Default Judgment
          In issue one in the appeal involving UTMB, Thomas argues that the trial court
abused its discretion in failing to grant his motion for default judgment. 
          Although Thomas asserts that he “took action for default judgment on April 12,
2002,” nothing in the record supports his contention.


 Neither does the record contain
a ruling on any such motion. Again, we cannot review an alleged ruling on a motion
when the record shows neither the motion nor the ruling. See Tex. R. App. P.
33.1(a)(1).
          Moreover, a defendant’s answer must be filed by 10:00 a.m. on the Monday
next following the expiration of 20 days after the date of service. Tex. R. Civ. P.
99(b). The record shows that citation issued on June 5, 2002 and that the return of
service was filed with the Galveston District Clerk on June 10, 2002. UTMB filed
its answer on June 20, 2002, well within the time period provided by rule 99. See id. 
Accordingly, even had the record revealed that Thomas had presented such a motion
to the trial court, the trial court would not have abused its discretion in denying that
motion. 
          We overrule Thomas’s issue five in appellate cause number 01-03-00471-CV.
Conclusion
We affirm the judgments of the trial court.




                                                                        Tim Taft
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hill.