IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00009-CV

 

Joseph Johnson,

                                                                                    Appellant

 v.

 

J. Ragan AND TDCJ,

                                                                                    Appellees

 

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 23561

 



MEMORANDUM  Opinion



 








Joseph Johnson, a Texas inmate, filed an in
forma pauperis lawsuit against correctional officer Jennifer Ragan and the executive
director of the Texas Department of Criminal Justice Brad Livingston, alleging
that Ragan confiscated one of Johnson’s books entitled “Our Sexuality.”  The
trial court ordered the Attorney General to file an amicus curiae
advisory addressing whether Johnson satisfied “statutory requirements,” obtain
authority to represent Ragan and Livingston, and provide the last known address
of any defendant that could not be located.  The Attorney General was not able
to obtain authority to represent Ragan, a former TDCJ employee, and advised the
trial court of Ragan’s last known address.  Johnson filed a motion for default
judgment against Ragan.  The TDCJ filed an Amicus Curiae reply requesting
dismissal of the suit.  The trial court dismissed Johnson’s suit as frivolous under
Chapter 14 of the Civil Practice and Remedies Code.  Johnson appeals, arguing
that the trial court erred by: (1) dismissing the suit as frivolous; (2) denying
the motion for default judgment; (3) allowing the TDCJ to file an untimely amicus
curiae reply; (4) accepting the amicus curiae reply; (5) requesting
that the Attorney General review the pleadings under Chapter 14; (6) not ordering
that Johnson be able to obtain copies of his previous lawsuits; and (7) not
making its own determination.[1]  We
affirm.

DISMISSAL AS FRIVOLOUS

Chapter 14 governs inmate litigation.  See Tex. Civ. Prac. & Rem. Code Ann. §
14.001-.014. (Vernon 2002).  A trial court may dismiss a suit under
Chapter 14 if it is frivolous and, in doing so, may consider whether: (1) the
claim’s realistic chance of ultimate success is slight; (2) the claim has no
arguable basis in law or in fact; (3) it is clear that the party cannot prove
facts in support of the claim; or (4) the claim is substantially similar to a
previous claim filed by the inmate because the claim arises from the same
operative facts.  Tex. Civ. Prac. &
Rem. Code Ann. § 14.003(a)-(b)
(Vernon 2002).

We normally review a trial court’s dismissal of an inmate’s suit under Chapter 14 for
abuse of discretion.  See Powell v. Clements, 220 S.W.3d 138,
139 (Tex. App.—Waco 2007, pet. denied).  However,
when, as here, the trial court
determines without a hearing that a claim is frivolous, that decision may be
affirmed on appeal only if the claim has no arguable basis in law.  Long
v. Tanner, 170 S.W.3d 752, 754 (Tex.
App.—Waco 2005, pet. denied) (citing Retzlaff v. Tex. Dep’t of Crim.
Justice., 94
S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)).
 We review this issue de novo.  Id. We take the allegations of the
plaintiff’s petition as true.  Id. (citing Mullins v. Estelle High Sec. Unit, 111 S.W.3d 268, 272 (Tex.
App.—Texarkana 2003, no pet.)).
 We examine the claims asserted and the relief requested “to determine whether,
as a matter of law, the petition stated a cause of action that would authorize
relief.”  Id. (quoting Spurlock v. Johnson, 94 S.W.3d 655, 658 (Tex. App.—San
Antonio 2002, no pet.)).

The trial court dismissed Johnson’s suit as
frivolous, without stating the specific grounds for dismissal.  The TDCJ argued
that Johnson’s affidavit identifying previous lawsuits failed to comply with
the requirements of section 14.004.  See Tex. Civ. Prac. & Rem. Code Ann. § 14.004
(Vernon 2002).  If Johnson’s affidavit was insufficient, the trial court could
dismiss on that basis alone.  See id.  However, the trial court
dismissed Johnson’s suit with prejudice.  A suit cannot be dismissed with
prejudice on the basis that the plaintiff failed to comply with Chapter 14’s procedural
requirements.  See Hickman
v. Adams, 35 S.W.3d 120, 124-25 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Nevertheless, the TDCJ argues that the trial court
properly dismissed the suit with prejudice because Johnson’s substantive
arguments also lack merit.  Johnson argued that the TDCJ had no right to
confiscate his property and did so in violation of TDCJ rules.  He sought
recovery under Government Code section 501.007, temporary and permanent
injunctions, and a declaration that the TDCJ’s actions were not justified.  

Section 501.007 states:

The department may pay from the miscellaneous funds
appropriated to the division claims made by inmates housed in facilities
operated by the department for property lost or damaged by the division.


 

See Tex. Gov’t Code Ann. § 501.007 (Vernon
2004) (emphasis added).  The TDCJ argues that this section does not apply to a
claim for confiscation.  We agree.

“Damage” constitutes “[l]oss or injury to person
or property.“  Black’s Law Dictionary 416
(8th ed. 2004).  An article is “lost” when it is “beyond the possession and
custody of its owner and not locatable by diligent search.”  Black’s Law Dictionary 965 (8th ed.
2004).  Johnson alleges that his book was confiscated.  The term “confiscate”
refers to the appropriation of property “as forfeited to the government,” or
the seizure of property “but authority of law” and so does not comport with the
definitions of either “damage” or “loss”.  Black’s
Law Dictionary 319 (8th ed. 2004).[2]

Moreover, the TDCJ’s response to Johnson’s step-one
grievance confirms that the book was not lost or damaged: 

Your property claim was investigated.  Officer J.
Ragan denies your allegations stating that the book was confiscated due to
being sexual in nature.  You were given copies of the confiscation papers
when your property was returned.  She further states that on 06-26-06, she
informed you via I-60, that you would not be allowed to make disposition on the
book.                     

 

(Emphasis added).[3]  “[P]rison
officials have broad administrative and discretionary authority over the
institutions they manage and lawfully incarcerated persons retain only a narrow
range of protected liberty interests.”  Johnson v. Lynaugh, 800 S.W.2d 936, 938-39
(Tex. App.—Houston [14th Dist.] 1990, writ denied); see Thompson v. Mannix, 814 S.W.2d 811, 812 (Tex.
App.—Waco 1991, no writ).  The trial court could have determined
that the TDCJ was legally justified in confiscating Johnson’s personal
property.  See Johnson, 800 S.W.2d at 938-39;
see also Thompson, 814 S.W.2d at 812.

Accordingly, the trial court could properly
determine that Johnson’s suit had no arguable basis in law and properly
dismissed his suit as frivolous.  Because Johnson could not establish a
probable right of recovery, he was not entitled to a temporary injunction.  See
Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002) (“To obtain a temporary injunction, the applicant
must plead and prove three specific elements: (1) a cause of action
against the defendant; (2) a probable right to the relief sought; and (3) a
probable, imminent, and irreparable injury in the interim”).  Similarly, having
failed to show that the TDCJ’s conduct was wrongful, neither was he entitled to
a permanent injunction.  See Jim
Rutherford Invs., Inc. v. Terramar Beach Cmty. Ass’n, 25 S.W.3d 845, 849 (Tex. App.—Houston [14th
Dist.] 2000, pet. denied) (“injunctive
relief may only be granted upon a showing of (1) the existence of a wrongful
act; (2) the existence of imminent harm; (3) the existence of irreparable
injury; and (4) the absence of an adequate remedy at law”).  We overrule
Johnson’s first issue.  For this reason, we need not consider Johnson’s second
issue.[4]  See
Gill v. Russo, 39 S.W.3d 717, 719 (Tex. App.—Houston [1st
Dist.] 2001, pet. denied) (motion for
default judgment
considered moot
because the trial court had dismissed the suit).

AMICUS CURIAE

Issues three, four, five, and seven address the
TDCJ’s amicus curiae reply, specifically whether the reply was properly
filed, accepted, and considered.  

We do not agree with Johnson’s contention that the
amicus curiae reply was untimely filed.  The trial court instructed the Attorney
General to review the pleadings, determine whether Johnson’s pleadings complied
with Chapter 14, and file an amicus curiae advising the trial court as
to whether Johnson’s pleadings satisfied Chapter 14’s requirements.[5] 
The trial court did not place a time limit on this filing.  Rather, the trial
court imposed a sixty day time limit within which the Attorney General could file
an answer and provide a statement of the last known address for any defendants
that could not be located.  Because the trial court did not impose a time limit
on the filing of the advisory, it was not untimely filed, and the trial court
properly accepted the filing.

Neither did the trial court err by requesting that
the Attorney General review the pleadings for compliance with Chapter 14.  The
Attorney General is authorized to defend public servants.  See Tex. Civ. Prac. & Rem. Code Ann. §
104.004 (Vernon 2005). Trial courts have requested amicus curiae
advisories from the Attorney General in numerous Texas cases.  See Comeaux v. Tex. Dep’t of Crim. Justice, 193 S.W.3d 83, 84-85 (Tex. App.—Houston [1st
Dist.] 2006, pet. denied); see also  Mullins,
111 S.W.3d at 270-71; In re
Smith, No. 01-05-00491-CV, 2007 Tex. App. Lexis 1153, at *2-3 (Tex. App.—Houston [1st
Dist.] Feb. 15, 2007, no pet.) (mem. op.); see also Aranda v. Goodrum,
No. 14-05-00119-CV, 2006 Tex. App. Lexis 6949, at *1-2, 11
n.6 (Tex. App.—Houston [14th Dist.] Aug. 3, 2006, no pet.) (mem. op.); Williams
v. T.D.C.J., No. 01-00-01031-CV, 2002 Tex. App. Lexis 2094, at *1-2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2002, no pet.).

Finally, the record does not indicate that the
trial court erroneously considered the reply or failed to make its own
determination.  “Courts may entertain suggestions from an amicus curiae, who, as a ‘friend
of the court’ makes suggestions
to the court about questions apparent from the record in the case.”  See Kelley
v. Scott, No. 14-01-00696-CV, 2003 Tex. App. Lexis 4528, at *3 (Tex. App.—Houston [14th Dist.] May
29, 2003, no pet.) (mem. op.) (citing State v. The Jefferson Iron Co., 60 Tex. 312, 314-15 (1883),
Moseby v. Burrow, 52 Tex. 396, 403 (1880),
and Jackson v. Birk, 84 S.W.2d 332, 332 (Tex. Civ.
App.—Fort Worth 1935, no writ)).  “An amicus curiae is not a party to
the suit and may only make suggestions
to the court; the court can only take actions that it could have taken
in the absence of the suggestions
from the amicus curiae.”
 Id. at *3-4 (citing The Jefferson Iron Co., 60 Tex. at 314-15).  The
trial court was entitled to consider the suggestions made in the Attorney
General’s filings and could have reached the same decision even without those
suggestions. [6]  See Belton v. Conagra Poultry Co., 98 S.W.3d 729, 731 (Tex. App.—Waco 2003, pet.
denied) (trial court “need not rely
upon a motion of the defendant in order to exercise its discretionary power to
dismiss under Chapter Fourteen”).  We overrule Johnson’s third, fourth, fifth,
and seventh issues.

AMENDMENT

            In his sixth issue, Johnson complains
that the trial court erred by not ordering him to “seek another form in trying
to get a copy of his past law suits.”  He contends that he attempted to comply
with Chapter 14 and should have been allowed an opportunity to comply.  However,
a trial court does not have a duty to suggest or recommend that an appellant
amend his pleadings or affidavit to cure any defects prior to dismissing the
suit.  See Hickman, 35 S.W.3d at 125.  As discussed above, having dismissed the suit with prejudice, the
trial court could have granted dismissal on grounds other than compliance with
Chapter’s 14.  We overrule Johnson’s sixth issue.

Having overruled Johnson’s seven issues, we affirm
the trial court’s judgment.  

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray joins only the Court’s judgment, and no part of the opinion)

Affirmed 

Opinion delivered and
filed March 5, 2008

[CV06]









[1]               The TDCJ notes that Johnson’s brief
focuses on whether his affidavit of previous filings complied with Chapter 14;
thus, the TDCJ argues that Johnson waived his remaining issues.  However, we
construe pro se pleadings liberally.  See Tex. R. App. P. 38.1(e).





[2]               A claim that property was wrongly
confiscated is more akin to a claim for theft.





[3]               Johnson’s step two grievance was
likewise denied.





[4]               Johnson’s brief asks us to hold
that the TDCJ is not immune from suit.  Even assuming that the TDCJ is not immune,
Johnson’s suit could properly be dismissed as frivolous.   

 





[5]               The document filed by the Attorney
General is entitled an “Amicus Curiae Reply to the Court’s Order to
Advise on Chapter Fourteen.”  





[6]               For these reasons, we also reject Johnson’s
brief suggestion that the amicus curiae advisory shows a bias towards
him and so violates due process.