Opinion issued
March 18, 2010








 

            

 

 

 








 



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

________________

 

NO. 01-09-00062-CV

________________

 

ROBERT WILLIAM JEFFERSON, Appellant

 

 v.

 

UNIVERSITY OF TEXAS MEDICAL BRANCH HOSPITAL AT
GALVESTON; EDUARDO ORIHUELA, M.D.; WILLIAM ALEX ELFARR, M.D.; JOANNA LUCJA
BORKOWSKI, M.D.; AND ALEXANDER BRIAN WEST, M.D., Appellees

 

 



On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause No. 08CV0851

 

 



MEMORANDUM OPINION

 

          Appellant, Robert William Jefferson, is an inmate at the
Darrington Unit of the Texas Department of Corrections in Rosharon, Texas.  In this appeal, Jefferson contests the
district court’s dismissal of his lawsuit against the University of Texas
Medical Branch Hospital at Galveston (“UTMB”), Eduardo Orihuela, M.D., William Alex Elfarr, M.D., Joanna Lucja
Borkowski, M.D., and Alexander Brian West, M.D (the “Individual Doctors”).  We affirm.

BACKGROUND

           In August 2008,
Jefferson filed his original petition against UTMB and the Individual Doctors, stating
that he was an indigent state prisoner and that his claim was pursuant to
Chapter 74 of the Texas Civil Practice and Remedies Code.[1]  Jefferson alleged that, in 1997 and 1998, he
was under the care of the Individual Doctors, and that a small mass was found
during an MRI of his right kidney.  Jefferson
was told that, although the mass was benign, he would need surgery to remove
it.  Jefferson underwent surgery in
August 1998 to remove the right kidney and a rib.

          After surgery, Jefferson attempted to get a copy of his
medical records relating to the surgery. 
According to his petition, Jefferson was not able to get a complete copy
of his medical records, and the records he did receive appeared to relate to
the care of another patient, William Jefferson.

          Jefferson’s petition alleged causes of action for
negligence, fraudulent concealment and direct and vicarious liability against
UTMB and negligence against the Individual Doctors.  Jefferson sought a declaratory judgment as to
the negligence of both UTMB and the Individual Doctors.[2]    Jefferson
also filed an affidavit stating that he had never before filed a lawsuit in
state or federal court during his incarceration and an affidavit of his
inability to pay costs.

          UTMB answered, asserting a general denial and the
affirmative defense of sovereign immunity. 
The Individual Doctors also generally denied Jefferson’s allegations and
asserted that their actions were within the course and scope of their
employment with UTMB.  Additionally, the
Individual Doctors asserted that the statute of limitations on Jefferson’s
claims had expired.  

In
December 2008, UTMB filed a motion to dismiss Jefferson’s claims on the grounds
that he failed to comply with the requirements of Chapters 14[3]
and 74 of the Texas Civil Practice and Remedies Code, specifically that he
failed to produce an expert report complying with Chapter 74 and that he had
similarly failed to provide evidence of his exhaustion of his administrative
remedies to comply with Chapter 14.  The
Individual Doctors also filed a motion to dismiss Jefferson’s claims, asserting
that Jefferson had failed to comply with the requirements of Chapter 74 by
failing to file an expert report.  Jefferson
responded to the motions to dismiss by arguing that his indigent status
prevented him from being able to secure an expert report and that his
allegations of fraudulent concealment defeated the applicable statute of
limitations.  Jefferson also argued that
his suit against the Individual Doctors was not subject to the requirements of
Chapter 14 because they were “Freeworld” [sic] doctors rather than prison
employees. 

          The trial court dismissed Jefferson’s claims with
prejudice.  The trial court’s order found
Jefferson’s claims frivolous pursuant to Chapter 14 and also found that
dismissal was required by Chapter 74 in light of Jefferson’s failure to file an
expert report with curriculum vitae within the statutory timeframe.  Jefferson then filed this appeal.

ANALYSIS

          On appeal, Jefferson alleges that the Individual Doctors,
relying upon an incorrect diagnosis, negligently and unnecessarily removed his
right kidney and one of his ribs without his consent.  Jefferson contends that these actions
violated his “constitutional right to adequate and effective medical services,”
and violated the Eighth Amendment’s guarantee against cruel and unusual
punishment.  Further, Jefferson argues that
he should be excused from complying with the requirements of Chapter 74 because
he is an indigent prisoner and because the documents and medical records
crucial to his case have disappeared or been destroyed, thus making it
impossible for him to comply with Chapter 74’s requirements. 

          Jefferson also complains that the court erred by dismissing
his lawsuit, with prejudice, without affording him the opportunity to conduct
discovery and without allowing him to participate in a hearing on the
dismissal.  Jefferson contends that the
requirements of Chapter 14 should not apply in this instance because he is
suing “Freeworld” [sic] doctors rather than “prison” doctors.

A.   Standard
of Review

1.    
Chapter 14: Inmate Litigation

          Chapter
14 of the Texas Civil Practice and Remedies Code applies to lawsuits filed by
an inmate in district court where the inmate files an affidavit or unsworn
declaration of an inability to pay costs. 
See Tex. Civ. Prac. &
Rem. Code Ann. § 14.002(a) (Vernon 2008).  Under Chapter 14, a trial court may dismiss
an inmate’s lawsuit for failing to comply with the Chapter’s procedural
requirements; it may also dismiss a lawsuit that is malicious or
frivolous.  Id. § 14.003; Scott v.
Gallagher, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no
pet.).  In determining whether a claim is
frivolous or malicious, a trial court may consider whether: (1) the claim’s
realistic chance of ultimate success is slight; (2) the claim has no arguable
basis in law or in fact; (3) it is clear that the party cannot prove facts in
support of the claim; or (4) the claim is substantially similar to a previous
claim filed by the inmate because the claim arises from the same operative
facts.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(b)(1)–(4).  

We generally review a trial court’s
dismissal of an inmate’s suit under Chapter 14 for abuse of discretion.  See Thompson v. TDCJ-ID, 33 S.W.3d 412, 414
(Tex. App.—Houston [1st Dist.] 2000, pet. denied); Wilson v. TDCJ-ID, 268 S.W.3d 756, 758 (Tex. App.—Waco 2008, no
pet.).  A trial court abuses its
discretion if it acts in an arbitrary or unreasonable manner without reference
to guiding rules or principles.  Garcia v. Martinez, 988 S.W.2d 219, 222
(Tex. 1999).  When reviewing matters
committed to the trial court’s discretion, we may not substitute our own
judgment for that of the trial court.  Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992).

We review and evaluate pro se pleadings by standards less
stringent than those applied to formal pleadings drafted by lawyers.  Denson
v. TDCJ-ID, 63 S.W.3d 454, 459 (Tex. App.—Tyler 1999, pet. denied).  The trial court need not rely upon a
defendant’s motion to exercise its discretionary power to dismiss under Chapter
14.  See Tex. Civ. Prac. & Rem. Code Ann § 14.003(a) (suit may be
dismissed before service of process); Wilson, 107 S.W.3d at 92.

2.    
Chapter 74: Medical Malpractice Claims

Chapter 74 of the Texas Civil
Practice and Remedies Code requires plaintiffs in a healthcare liability
lawsuit to file expert reports providing “a fair summary of the expert’s
opinions . . . regarding applicable standards of care, the manner in which the
care rendered by the physician or health care provider failed to meet the
standards, and the causal relationship between that failure and the injury,
harm, or damages claimed.”  Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a),
(r) (Vernon Supp. 2008).  This report is
to be filed no later than the 120th day after the date the plaintiff’s original
petition is filed.  Id. § 74.351(a).  Chapter 74’s
expert report requirement must be satisfied for the case to proceed, and a
plaintiff who fails to file an expert report is subject to having his claims
dismissed with prejudice.  Id. § 74.351(b)(2).  

Under the statute, a “health care
liability claim” is defined as:

a cause of action against a health care provider or
physician for treatment, lack of treatment, or other claimed departure from
accepted standards of medical care, or health care, or safety or professional
or administrative services directly related to health care, which proximately
results in injury to or death of a claimant, whether the claimant’s claim or
cause of action sounds in tort or contract.

 

Id. §
74.001(a)(13).  A “health care provider”
is “any person, partnership, professional association, corporation, facility,
or institution duly licensed, certified, registered, or chartered by the State
of Texas to provide health care.” Id.
§ 74.001(a)(12)(A).  This includes a
“health care institution” such as a hospital, as well as any “employee,
independent contractor, or agent” thereof. Id.
§ 74.001(a)(11)(G), (a)(12)(A)(vii), (a)(12)(B)(ii).  

A trial court’s ruling dismissing a
healthcare liability lawsuit under Chapter 74 is reviewed under an abuse of
discretion standard.  Am. Transitional Care Centers v. Palacios,
46 S.W.3d 873, 877 (Tex. 2001). 

B.  
Did the District Court Err By Dismissing Jefferson’s
Claims?

          We first address Jefferson’s constitutional claims, raised
for the first time on appeal.  Jefferson
claims that the acts of UTMB and the Individual Doctors violated his “constitutional
right to adequate and effective medical services,” and violated the Eighth
Amendment’s guarantee against cruel and unusual punishment.  Jefferson did not, however, raise these
claims in the trial court below and we therefore do not consider them in our
analysis of whether the trial court correctly dismissed his claims against UTMB
and the Individual Doctors.  See,
e.g., In re L.M.I., 119 S.W.3d
707, 711 (Tex. 2003) (to preserve issue for appellate review, including
constitutional issues, party must present to trial court timely request,
motion, or objection, state specific grounds therefor, and obtain ruling); Adams v. First Nat’l Bank, 154 S.W.3d
859, 871 (Tex. App.—Dallas 2005, no pet.) (“A claim that was not presented to
the trial court cannot be considered on appeal.”).  Accordingly, we overrule Jefferson’s issues
relating to the allegation that he was deprived of his constitutional rights by
the negligent removal of his kidney and rib.

          We turn next to Jefferson’s negligence claims.  Chapter 14 of the Texas Civil Practice and
Remedies Code is entitled “Inmate Litigation” and by its terms clearly applies
to all suits, other than suits brought under the Texas Family Code, filed in a
district court by an inmate who has filed an affidavit or unsworn declaration
of inability to pay costs. Tex. Civ.
Prac. & Rem. Code Ann. § 14.002. 
Accordingly, Jefferson is subject to its provisions.  

          Jefferson’s “claim’s realistic chance of ultimate success
[was] slight.”  Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(1).  Jefferson does not dispute that he failed to
comply with Chapter 74’s mandatory requirement that he file an expert report
regarding his health care liability claim within the statutory timeframe.  See Tex. Civ. Prac. & Rem. Code Ann. §
74.351(a), (r).  Nor does he contend that
his claim is not a “health care liability claim” against “health care
providers” as those terms are defined in the statute.  Id.
§ 74.001(a)(12)(A), (a)(13).  Instead, he
argues that he should not be subject to the expert report requirements because
he is an indigent inmate.  Jefferson does
not, however, cite us to any statutory authority or case law excusing him from
compliance with Chapter 74’s requirements. 
In fact, Texas law is to the contrary. 
Indigent inmates are held to the same statutory requirements in health
care liability claims as other citizens. 
See, e.g., Gibson v. Tolbert,
102 S.W.3d 710, 713 (Tex. 2003) (addressing the issue of appointed counsel in
medical malpractice cases brought by indigent inmates, finding no automatic
right to appointed counsel); Gill v.
Russo, 39 S.W.3d 717, 718–19 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied) (rejecting indigent inmate’s challenge to expert report requirement in
health care liability claim).  Accordingly,
the trial court did not err by finding his claim frivolous and dismissing the
claim against UTMB and the Individual Defendants.  

C.  
Did the District Court Err By Dismissing Jefferson’s
Lawsuit With Prejudice?

 

Jefferson next contends the trial
court erred in dismissing his suit with prejudice. Dismissal with prejudice
constitutes an adjudication on the merits and operates as if the case had been
fully tried and decided.  Mossler v. Shields, 818 S.W.2d 752, 754
(Tex. 1991).  Generally, the proper
remedy, when a court lacks subject matter jurisdiction, is to dismiss the case
without prejudice.  Mullins v. Estelle High Sec. Unit, 111 S.W.3d 268, 274 (Tex. App.—Texarkana
2003, no pet.).  However, when the error
cannot be remedied, dismissal with prejudice is proper. See Hickman v. Adams, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th
Dist.] 2000, no pet.).  Here, Jefferson’s
claims against UTMB and the Individual Doctors cannot be amended to remedy the
error of his failure to file a timely expert report satisfying the requirements
of Chapter 74.  Further, Chapter 74
specifically requires that a claim in which no expert report has been filed be
dismissed with prejudice.  Tex. Civ. Prac. & Rem. Code Ann. §
74.351(b)(2).  Therefore, dismissal of Jefferson’s
claims with prejudice was proper.  




 

D.  
Did the District Court Err By Denying Jefferson the
Opportunity to Conduct Discovery or Participate in a Hearing on the Dismissal?

Jefferson
contends that the trial court erred by denying him the opportunity to conduct
discovery and to participate in the hearing on dismissal.  The record on appeal, however, does not
reflect that the trial court denied Jefferson the opportunity to conduct normal
discovery under the Texas Rules of Civil Procedure, nor does it show that
Jefferson sought any discovery-related relief and such relief was denied.  Because the record does not contain any such
ruling for us to review, this issue is waived. 
See Tex. R. App. P. 33.1(a) (to preserve  complaint for appellate review, record must
show that  complaint was presented to  trial court by timely request, objection or
motion and that trial court ruled on request or refused to rule and complainant
objected to such refusal).  Further,
Jefferson has made no showing that he could have complied with Chapter 74 if he
had been allowed the discovery he claims he was denied.  Thus, he has not shown the lack of discovery
to be a basis for his failure to file a report. 


          Regarding
Jefferson’s claim that he was denied the opportunity to appear at the hearing
on the motion to dismiss his lawsuit, we note that the purpose of Chapter 74 is
to avoid frivolous and wasteful litigation. 
See, e.g., In re Roberts, 255
S.W.3d 640, 641 (Tex. 2008) (per curiam) (discussing legislative intent behind
enactment of former Article 4590i, predecessor to Chapter 74 of Texas Civil
Practice and Remedies Code).  Here, the
trial court dismissed Jefferson’s suit because he failed to file an expert
report within the time required by the statute. 
A trial court may dismiss a frivolous Chapter 14 suit without affording
the inmate notice, opportunity to be heard, or opportunity to amend the
petition.  Aguilar v. Chastain,
923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied); Kendrick v. Lynaugh,
804 S.W.2d 153, 155 (Tex. App.—Houston [14th Dist.] 1990, no writ).  Jefferson’s suit was properly deemed
frivolous because, in light of his failure to file an expert report, his claim’s
“realistic chance of ultimate success [was] slight.”  Accordingly, we overrule Jefferson’s
contention that the trial court erred by failing to afford him notice or to
participate in the hearing on the dismissal. 

CONCLUSION

          The
trial court did not err by dismissing Jefferson’s lawsuit.  We overrule Jefferson’s issues on appeal and
affirm the judgment of the trial court. 

                                       

 

 

 

George C. Hanks, Jr.

                                                          Justice

 

Panel consists of Justices Jennings, Hanks, and Bland.











[1]           See
Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351 et seq. (Vernon Supp. 2008).

 





[2]           Jefferson later sought to amend his
petition by substituting the phrase “deliberate indifference” for the word
“negligence.” 

 





[3]               See Tex. Civ.
Prac. & Rem. Code Ann. § 14.002 et seq. (Vernon 2008).