## JUNE, 1890

### CHARLES DILLINGHAM, RECEIVER, v. R. L. PUTNAM.

#### No. 648. Decided June 24, 1890.*

**1.—Constitution—Statute—Title—More Than One Subject.**

The Act of March 9, 1889, Laws, 21st Leg., pp. 55, 58, is not invalid in violating article 3, section 35, of the Constitution requiring that "no bill shall contain more than one subject, which shall be expressed in its title." The subject expressed in the title, "to amend sections 2 and 6, of chapter 131, of 'an Act to provide for the appointment of receivers, and to define their powers and duties, and to regulate proceedings under such appointment of receivers,' as passed by the Twentieth Legislature and approved April 2, 1887," is a single one within the meaning of the Constitution, and sufficient to embrace the prescribing of the bond to be required of a receiver in appealing from a judgment. (Pp. 2, 3.)

**2.—Constitution—Special Law—Limitation of Action.**

The Act of March 19, 1889, Laws, 21st Leg., pp. 55, 58, requiring receivers to execute a supersedeas bond as a condition of appeal from a judgment, is not a special law regulating the practice or jurisdiction of the courts, nor invalid as contravening article 3, section 56, of the Constitution, forbidding such law "for limitation of civil or criminal actions." (P. 3.)

**3.—Constitution—Due Course of Law.**

A law which practically takes away from either party to litigation the right to a fair and impartial trial in the courts provided by the Constitution for the determination of a given controversy, denies a remedy by due course of law. (P. 4.)

**4.—Same—Jurisdiction of Appellate Court.**

Due course of law, in a case tried in a District Court, means a trial in accordance with the settled rules of law in that court, and a further hearing in the Supreme Court, if either party desires it, after a final judgment in the trial court. A statute denying to a class of litigants this right except on execution of a bond securing to the party successful in the court below full satisfaction of his judgment, irrespective of his ability to give such bond, deprives the Supreme Court of the jurisdiction conferred on it by article 5, section 3, and article 1, section 13, of the Constitution. (Pp. 3, 4.)

---

*NOTE BY REPORTER.—The opinion in this case was published in 14 S. W., 305, but did not appear in the official reports. The opinion being delivered on a motion to dismiss the appeal for want of a sufficient bond, and such motion being overruled, the cause was, at a subsequent term of the Supreme Court, dismissed by agreement of the parties. This perhaps accounts for the failure of the opinion on this motion to be officially reported. As it embraces an important ruling on constitutional law it is thought proper that, even after this long delay, it should now appear in the reports.

Vol. 109-1.

**5.—Due Course of Law—Right of Appeal.**

The Act of March 19, 1889, Laws, 21st Leg., pp. 55, 58, requiring receivers, as a condition of appeal, to execute a supersedeas bond, is a denial to such litigant of the due course of law, and invalid under the Constitution. The fact that such litigant is acting in a fiduciary relation to the property affords reason rather for exemption from bond, as in the case of administrators, etc., who may appeal without bond, and the statute denies to the real parties in interest, creditors and owners of the property in custody of the law, protection on the same terms accorded to other litigants. (P. 5.)

Appeal from the District Court of Grayson County. Motion to dismiss appeal for want of sufficient bond.

*R. De Armond* and *O. T. Holt,* for appellant.

*W. W. Wilkins* and *C. B. Randell,* for appellee.

Mr. Chief Justice STAYTON delivered the opinion of the court.

The Legislature at its last session enacted a statute which, in all appeals prosecuted by receivers, requires that "before such appeal or writ of error shall be perfected or allowed such receiver shall enter into bond with two or more good and sufficient sureties, to be approved by the clerk of the court or justice of the peace, payable to the appellee or defendant in error in a sum at least double the amount of the judgment, interest, and costs, conditioned that such receiver shall prosecute his appeal or writ of error with effect; and, in case the judgment of the court to which such appeal or writ of error be taken shall be against him, that he will perform its judgment, sentence, or decree, and pay all such damages as may be awarded against him. In the event that the judgment of the court to which such appeal or error is taken shall be against such receiver, judgment shall at the same time be entered against the sureties on his said bond, and execution thereon may issue against such sureties within twenty days after the rendition of such judgment." Gen. Laws 1889, p. 58. In this case appellant seeks to prosecute an appeal upon a bond, which binds himself and sureties for costs only, while the bond required by the statute above quoted requires a bond that will bind principal and sureties absolutely, to satisfy the judgment in case of affirmance. The appeal is prosecuted by appellant as a receiver, and for the purpose of having revised a judgment rendered against him in his official capacity, and appellee moves to dismiss the appeal because a supersedeas bond has not been filed.

It is urged that the statute in question is violative of the Constitution in that the Act embraces more than one subject, and because it is a special law regulating the practice or jurisdiction of the courts, or placing a limitation on civil actions. The statute quoted is found in an Act entitled "An Act to amend sections 2 and 6 of chapter 131 of 'An Act to provide for the appointment of receivers, and to define their powers and duties, and to regulate proceedings under such appointment of receivers,' as passed by the Twentieth Legislature, and approved

April 2, 1887." It is believed that the appointment, the fixing of the powers and duties of receivers, and the regulation of proceedings, when it becomes necessary that such appointments shall be made, powers exercised, and duties performed, are so intimately connected as to make an Act such as that in question valid under the terms of the Constitution, which provides that "no bill . . . shall contain more than one subject, which shall be expressed in its title." The matter of receivers or receiverships is the subject of the Act, and is single in the sense of the Constitution, for it is this to which the entire Act applies. Receivers can only exist through the appointments of courts. Their powers must be such as the law or the order appointing may lawfully give, and the many steps through which those things can be fixed and determined are but proceedings. The purpose of the provision of the Constitution cited has been so often stated that it is unnecessary to repeat it, and looking to that, the entire purpose of the Act, and the past decisions of the court, we must hold that the statute in question is not violative of section 35, article 3, of the Constitution. Day Ld. & Cattle Co. v. State, 68 Texas, 526, 4 S. W. Rep., 865. Nor is it believed that the Act, within the meaning of the Constitution, is a special law regulating the practice or jurisdiction of the courts, for it affects the proceedings in every receivership, and it would seem that it in no respect comes within the evil intended to be prevented by that section of the Constitution which prohibits the passage of enumerated special laws. On the contrary, a proper Act on this subject, as in cases of appeals by executors, administrators, guardians, and by municipal corporations created under the general law, would seem to be proper.

The section of the Constitution forbidding the passage of special or local laws on enumerated subjects forbids the passage of such laws "for limitation of civil or criminal actions" (Const., art. 3, sec. 56), but we do not understand the Act in question within the meaning of the Constitution to be such a limitation. We understand that section of the Constitution to forbid the passage of a law which would extend or restrict the time within which an action should be brought against or in favor of one person, when upon a like cause of action a longer or shorter period of limitation is provided for persons generally of like status.

It is suggested, however, that the Act, if given effect, will in many cases deprive this court of power to exercise the jurisdiction conferred on it by the Constitution, and, if this be true, the Act can not in so far be given effect. The Constitution gives this court jurisdiction, coextensive with the limits of the State, to hear and determine all civil causes tried in the District Courts in the exercise of the jurisdiction conferred on them by the Constitution (Const., art. 5, sec. 3), and it further declares that "all courts shall be open, and every person, for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law." (Id., art. 1, sec. 13.) This applies to a defendant as well as a plaintiff. "Due course of law," in a cause tried

in a District Court, means a trial according to the settled rules of law in that court, and a further hearing in this court, if either party to the litigation desires it after a final judgment in the trial court. A law which practically takes away from either party to litigation the right to a fair and impartial trial in the courts provided by the Constitution for the determination of a given controversy, denies a remedy by due course of law. That the Legislature has power to regulate appeals, and to provide for the execution of such bonds as the party appealing may be able to give for the security of the adverse party, is not questioned. But a party's right to appeal to this court can not be made to depend on his ability to give a bond which will within itself secure to the party successful in the court below full satisfaction of his judgment. Recognizing that fact, the Legislature has provided that every person desiring to appeal from a judgment rendered against him in the District Court may appeal or prosecute a writ of error in this court, and has made most ample provision for securing the party obtaining the judgment in the benefits to result from it, and at the same time for securing the right to the other party to have the judgment of the trial court here revised. If the defeated party desire to supersede the judgment pending appeal he is required to execute a bond which will secure the payment of the judgment and all damages that may be awarded against him. Rev. Stats., art. 1404. If the judgment be for the recovery of land or other property, he must execute a bond which will secure to the adverse party the rent or hire of the property, and, if he fails to execute such bonds, the process of the court may issue as though no appeal or writ of error was prosecuted, and thus the adverse party be in position at once to realize the fruits of the judgment obtained by him. Id., art. 1405. If the party during the revision of a judgment against him does not desire or is not able to give a bond that will supersede a judgment, he may appeal or prosecute a writ of error by executing a bond that will only secure the costs of litigation; but in that case the successful party may have process and reap the full benefit of his judgment, as though no appeal or writ of error was prosecuted (Id., art. 1400), subject to liability to make restitution if the judgment be reversed. If the party desiring to appeal or to prosecute a writ of error is unable to pay the costs or to give security therefor, he may still have the judgment rendered against him revised in this court upon making affidavit that he is unable to pay the costs. Id., art. 1401. If a party to a suit filed in the District Court is unable to pay costs, he is entitled to all process necessary to the proper prosecution of his cause, and to prosecute it without the payment of costs or giving security therefor, in all cases in which he makes affidavit of his inability to pay or give security for costs, unless, on contest, his affidavit is decided to be untrue. Id., art. 1438. Thus is the spirit of the Constitution manifest in legislation, and the courts held open to the appeal of everyone, whether

an individual or corporation, for the law in the administration of justice makes no difference between them.

We are of opinion that an Act of the Legislature which makes the right of an individual corporation to prosecute an appeal or writ of error to depend on the giving of a supersedeas bond, without reference to the ability or inability of such corporation or individual to give such a bond, is violative of the Constitution, and the reasons why such a law should not be sustained are stronger when the party seeking the revision of a judgment against him stands in a fiduciary relation to the property in his hands, or to those interested in it. Property in the hands of a receiver is theoretically in the hands of the court that appointed him, and he has neither the power nor the right to dispose of it, except as the court may direct him to do so. The fund or property is most usually placed in his hands because of the insolvency of its owner, and for the benefit of his or its creditors, to be administered by the court as their respective legal and equitable rights may require, and, as a defendant, a receiver is not personally liable even for costs. In case a judgment is rendered against him, unless in cases in which his own wrong created the liability, he is not liable personally, and there is most frequently no one other than the creditors who are interested in the property in his hands who have any interest in prosecuting appeals or writs of error from judgments rendered against him. Such other creditors are interested in having an erroneous judgment rendered against a receiver set aside, for, if paid, in case the debtor be insolvent, the payment must diminish the fund to which all creditors must look; but must they, and, if they do not, who will, render themselves absolutely liable personally to pay the judgment as a condition on which it may be revised? If so, such legislation indirectly denies them the right to have a judgment in which they are interested revised on the same terms upon which other judgments may be. Other fiduciaries, such as executors, administrators, and guardians, are permitted to appeal or prosecute writs of error without giving any bond at all, simply because the estate from which the judgment to be revised must be paid, if affirmed, is in the custody of a court, and can not be taken thence without its order in due course of administration. The rule has been extended even to executors acting without the control of probate courts. We do not wish to be understood to hold that hardships which might and would frequently result if the validity of such a law as that in question was sustained would furnish any reason why the courts should not enforce it, nor to hold that all fiduciaries must be placed on the same footing in reference to the terms on which appeals or writs of error may be prosecuted to this court, but to hold that a law which denies to any individual, whether acting in his own right or in a fiduciary capacity, or to a corporation, the right to appeal unless a supersedeas bond is executed, is violative of the Constitution in that it deprives this court, if given effect, of jurisdiction conferred on it by the Constitution, and

deprives the party seeking revision of the judgment here of remedy by due course of law. The motion to dismiss the appeal will be overruled.