NATIONAL EQUITABLE SOC. et al. v. ALEXANDER.    (No. 6118.)

(Court of Civil Appeals of Texas.    Austin. March 26, 1919.)

CONSTITUTIONAL LAW ⬥═326 — REMEDIES — SECURITY FOR COSTS ON APPEAL—RECEIVERS.

Vernon's Sayles' Ann. Civ. St. 1914, art. 2144, providing that, before an appeal or writ of error is allowed a receiver, he shall give bond with sureties in a sum double the amount of the judgment is unconstitutional and void, as violating Const. art. 1, § 13, in that it denies to receivers the right to have judgments against them reviewed on the same terms as those prescribed for other persons—citing Dillingham v. Putnam (Sup.) 14 S. W. 303.

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Action by the National Equitable Society and others against James P. Alexander. From a judgment against him, George W. Barcus, receiver of the corporation, appeal-

ed. Motion to dismiss appeal, as to the receiver, overruled.

Alva Bryan, of Waco, for appellants, in reply to the motion.

W. L. Eason, of Waco, for appellee, for the motion.

KEY, C. J. At the last sitting of this court, we sustain a motion in this case to dismiss an appeal by a receiver from a judgment against him for $14,441.54, upon a cost bond for only $300. The motion referred to, and our holding in sustaining it were based upon article 2144, Vernon's Sayles' Civil Statutes, regulating appeals and writs of error by receivers, and which declares that:

"Before such appeal or writ of error shall be perfected or allowed, such receiver shall enter into bond with two or more good and sufficient sureties, to be approved by the clerk of the court or justice of the peace, payable to the appellee or the defendant in error, in a sum at least double the amount of the judgment, interest, and costs conditioned that such receiver shall prosecute his appeal or writ of error with effect," etc.

Counsel for appellants, National Equitable Society, a private corporation, and George W. Barcus, the receiver of the corporation, filed a reply to the motion to dismiss the appeal, but made no contention, and cited no authority to the effect that the statute referred to is unconstitutional, and therefore void and of no effect. Since our decision was made, the writer hereof, almost by accident, discovered that in Dillingham v. Putnam (Sup.) 14 S. W. 303, on June 24, 1890, and within about a year after the statute referred to was enacted, our Supreme Court held that it was in violation of section 13, art. 1, of the Constitution of this state, which declares that—

"All courts shall be open; and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."

Notwithstanding that decision, codifiers and Legislatures have brought forward that unconstitutional enactment, and it is now incorporated in article 2144 of the Revised Civil Statutes as part of the existing statutory law of the state; and the only reference the writer has found in any digest or annotation to the decision above cited, holding it to be unconstitutional, is Harris' Constitution of Texas, Annotated, page 118. In fact, if Dillingham v. Putnam, supra, has been officially reported, the writer has been unable to find it.

While the circumstances referred to may not justify this court and appellants' counsel in overlooking that case, nevertheless they are stated for whatever they may be worth;

and in this connection ,we also venture to express the hope that the time may soon come when the statutory law of this state will be revised and codified, so as to eliminate all statutes which have been declared invalid by the highest court of the land.

Upon our own motion the opinion heretofore filed will be withdrawn, and the order heretofore made, sustaining the motion to dismiss the ·appeal as to the receiver, Geo. W. Barcus, will be set aside, and the entire motion to dismiss will be overruled.

Motion overruled.

BRADY, J., not sitting.

