MOORE, Judge,
dissenting.
Because I conclude that, as applied to the circumstances of this case, § 34-24-367, Ala.Code 1975, violates Dr. Morrison’s right to due process, I respectfully dissent.
In rejecting Dr. Morrison’s due-process claims, the main opinion states: “Just as a statute that flatly prohibits any stay of an order revoking a medical license after a full administrative hearing does not deny due process, a statute like § 34-24-367, that intentionally establishes an extremely stringent standard for issuing a stay does not deny due process.” 13 So.3d at 410. I believe that argument is erroneous for two reasons.
First, in reaching its conclusion, the main opinion relies on numerous other jurisdictions that have considered the due-process implications of statutes that outright prohibit the stay of any license-revocation order. 13 So.3d at 410-11. However, § 34-24-267 does not totally preclude the stay of an order revoking a medical license; rather, it authorizes a stay if specified conditions are met. Because of the differences in the language used in the statutes, the cases cited in the main opinion do not apply.
Secondly, the United States Supreme Court has previously rejected the rationale used by the main opinion. Justice Brennan, in his special writing in Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), recognized that once a state undertakes to provide a right or remedy to a party, even though it is not constitutionally mandated to do so, the state may not infringe on that right or remedy in a manner inconsistent with due process. See Pennzoil, 481 U.S. at 22, 107 S.Ct. 1519 (Brennan, J., joined by Marshall, J., concurring in the judgment) (“Since Texas has created an appeal as of right from the trial court’s judgment, it cannot infringe on this right to appeal in a manner inconsistent with due process or equal protection.” (citing Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985))).
In Evitts v. Lucey, supra, the United States Supreme Court rejected the argument that, because the Constitution did not require an appeal as of right, the state was immune from challenges to the constitutionality of any procedures applicable to the appellate process that had been voluntarily adopted by the state. The Court stated:
“[Pjetitioners argue that because the Commonwealth need not establish a system of appeals as of right in the first instance, it is immune from all constitutional scrutiny when it chooses to have such a system. ...
“In support of [this] argument, petitioners initially rely on McKane v. Durston, 153 U.S. 684 (1894), which held that a State need not provide a system of appellate review as of right at all. ... Petitioners derive from this proposition the much broader principle that ‘whatever a state does or does not do on appeal — whether or not to have an appeal and if so, how to operate it — is of no due *413 process concern to the Constitution.... ’
“The right to appeal would be unique among state actions if it could be withdrawn without consideration of applicable due process norms. For instance, although a State may choose whether it will institute any given welfare program, it must operate whatever programs it does establish subject to the protections of the Due Process Clause. See Goldberg v. Kelly, 397 U.S. 254, 262 (1970). Similarly, a State has great discretion in setting policies governing parole decisions, but it must nonetheless make those decisions in accord with the Due Process Clause. ... In short, when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution— and, in particular, in accord with the Due Process Clause.”
Evitts v. Lucey, 469 U.S. at 400-401, 105 S.Ct. 830 (emphasis added). See also Goldberg v. Kelly, 397 U.S. 254, 261-62, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (recognizing that the termination of welfare benefits — benefits made available by statute rather than by constitutional mandate— must be handled in accord with due process; further recognizing that a constitutional challenge to the procedure used in terminating those welfare benefits could not be answered by the argument that public-assistance benefits are a “privilege” rather than a “right”).
Thus, the State of Alabama is not immune from all constitutional scrutiny in its application of § 34-24-367 simply because the issuance of a stay pending appeal is not constitutionally mandated. Rather, because the Alabama Legislature elected to make a stay available to physicians whose licenses have been revoked, access to such a stay must be provided in accordance with due process.
As noted by the main opinion, the Alabama Supreme Court has previously recognized that “[t]he hallmarks of procedural due process are notice and ‘the opportunity to be heard “at a meaningful time and in a meaningful manner.” ’ ” Alabama Republican Party v. McGinley, 893 So.2d 337, 344 (Ala.2004) (quoting Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), quoting in turn Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). However, in this case, Dr. Morrison was not provided an opportunity to be heard “at a meaningful time and in a meaningful manner” as to his request for a stay.
In order to avoid the immediate revocation of his medical license, Dr. Morrison promptly sought a stay of that order. In order to obtain the stay, he had to establish that the Commission’s order was either arbitrary or capricious, that it was entered without statutory authority, or that it constituted a gross abuse of discretion. See § 34-24-367, Ala.Code 1975. It is undisputed that the transcript of the Commission’s administrative proceeding could not be made immediately available to Dr. Morrison. Without a transcript, the circuit court had no means by which to review the evidence presented to the Commission. Without the opportunity to review the evidence presented to and relied upon by the Commission, the circuit court could not determine whether the Commission’s order was arbitrary or capricious, was taken without statutory authority, or amounted to a gross abuse of its discretion. In effect, because of the circumstances, Dr. Morrison had no real opportunity to obtain a stay.[1] Due process is *414 violated when a statute purporting to grant a right or remedy to a party is made subject to impossible conditions. See, e.g., Pennzoil Co. v. Texaco, Inc., 481 U.S. at 15-16, 107 S.Ct. 1519 (citing Texas caselaw for the proposition that a “ ‘legislature has no power to make a remedy by due course of law contingent on an impossible condition’ ” (quoting Nelson v. Krusen, 678 S.W.2d 918, 921 (Tex.1984), which, in turn, discusses Dillingham v. Putnam, 109 Tex. 1, 14 S.W. 303 (1890) (recognizing that a legislative act that made the right of appeal dependent on the giving of a bond, without reference to the appellant’s ability to pay, was unconstitutional because, for those unable to pay, the bond was an impossible condition), and Hanks v. City of Port Arthur, 121 Tex. 202, 48 S.W.2d 944 (1932) (statute purporting to exempt city from liability for injuries caused by street defects unless the claimant provided notice of the defect 24 hours before the injury occurred imposed an unreasonable condition precedent to recovery and was beyond the legislative power))).
Further, contrary to the main opinion, § 34-24-367 does not allow a physician to challenge the presumption created by the Commission’s order only when that order reveals on its face the existence of a ground for reversal. If the legislature had intended such a result, it could have said so. Moreover, this court cannot assume that the legislature must have been aware of procedural obstacles inherent in the appellate process that would, in effect, make it impossible for a physician to obtain the very relief the legislature purported to grant in § 34-24-367. Such an assumption compels the illogical conclusion that, by enacting § 34-24-367, the legislature granted physicians a right and, yet, never really intended the physician to have access to that right.
For these reasons, I agree with the circuit court that § 34-24-367 violates Dr. Morrison’s due-process rights. I would deny the petition for the requested writ; accordingly, I dissent.

. I respectfully disagree with Judge Bryan to the extent that he believes the circuit court *414 provided Dr. Morrison a meaningful opportunity to present evidence to support his motion for a slay. Although the circuit court provided Dr. Morrison a venue to present his evidence, the absence of the transcript rendered that opportunity meaningless. Dr. Morrison could only present evidence that his continued practice of medicine did not subject the public to harm, which, as Judge Bryan correctly notes, is insufficient to warrant a stay. Without the transcript, Dr. Morrison could not present the crucial evidence that the Commission's order was arbitrary or capricious, that it was taken without statutory authority, or that it amounted to a gross abuse of discretion and, thus, meet his burden of proof under § 34-24-367. In short, allowing Dr. Morrison to introduce evidence unrelated to the conditions required by § 34-24-367 did not amount to due process.