In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00040-CV

                                                ______________________________

 

 

                                       MARGARET DOAN,
Appellant

 

                                                                V.

 

                             CHRISTUS HEALTH ARK-LA-TEX, D/B/A

CHRISTUS ST. MICHAEL
HEALTH SYSTEM, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 202nd
Judicial District Court

                                                             Bowie County, Texas

                                                      Trial Court No. 09C1020-202

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter

Concurring Opinion by Chief Justice Morriss








                                                                   O P I N I O N

 

            Because
the statutorily-mandated expert report and curriculum vitae were not served
within 120 days from filing of the original petition, the trial court dismissed
this medical liability claim and granted an attorney’s fee.  Appellant, Margaret Doan, raises a single issue
contending portions of Section 74.351 of the Texas Civil Practice and Remedies
Code violate her rights under the Open Courts provision of the Texas
Constitution.  Tex. Const. art. I, § 13.  We affirm the trial court’s judgment.

I.          Background Facts

            After
having her knee replaced, Doan was a rehabilitation patient at Christus Health
Ark-La-Tex, d/b/a Christus St. Michael Health System (Christus).  While under the care of Christus, she fell,
injuring the knee that had been replaced. 
Doan hired attorney Paul Hoover to represent her, and on July 15, 2009,
she filed a general healthcare liability suit, alleging that Christus’
negligence proximately caused her injuries. 
Because her claim is a healthcare liability claim, Doan was required to
serve Christus with an expert report and the expert’s curriculum vitae within
120 days of filing suit, no later than November 12, 2009.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351(a) (Vernon Supp. 2010).

            On
October 23, 2009, twenty days before the expiration of the 120-day time period,
Hoover unexpectedly died.  Hoover was a
sole practitioner and, according to Rebecca Rich, his secretary and sole
employee, he was “handling this case entirely on his own.”[1]  Doan failed to serve Christus with an expert
report before the deadline passed.

            Less
than one month after Hoover’s death, on November 20, 2009, John Stroud, III,
was appointed to assume control of Hoover’s law practice in order to protect
the interests of Hoover’s clients.  Until
Stroud was appointed, only Doan had the authority to take any legal action on
her behalf.  It is undisputed in the
record that Doan was unaware of the filing deadline and that she did not learn
of Hoover’s death until the second week of December, well after the deadline
had passed.

            In
January 2010, Christus filed a motion to dismiss pursuant to Section 74.351(b)
because it had not been served with the required expert report and curriculum
vitae.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(b) (Vernon Supp. 2010).  The trial court granted the motion, dismissed
the suit against Christus with prejudice, and awarded Christus $5,000.00 in
attorney’s fees. 

II.        Standard
of Review

            We review a trial court’s ruling on
a motion to dismiss under Section 74.351(b) for an abuse of discretion.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(b); Am. Transitional Care Ctrs. of Tex. v. Palacios, 46 S.W.3d 873,
877–78 (Tex. 2001).  Pure questions of
law, however, such as the constitutional challenge here, are reviewed de novo
because the trial court has no discretion in determining what the law is or how
to apply the law to the facts.  In re Jorden, 249 S.W.3d 416, 424 (Tex. 2008);
Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992).  If a statute operates
unconstitutionally, the trial court has no discretion to apply it.  Walker
v. Gutierrez, 111 S.W.3d 56, 66 (Tex. 2003) (finding failure to comply with
expert report statute did not violate due process right and trial court did not
abuse discretion in dismissing claim).

III.       Analysis––Open Courts
Provision of the Texas Constitution 

            Section
74.351(a) requires that an expert report and curriculum vitae “shall” be served
on the opposing party within 120 days after the original petition is
filed.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a).  Failure to comply is fatal; the trial court
has no discretion to grant an extension of time due to exigent circumstances.[2]  Tex. Civ.
Prac. & Rem. Code Ann. § 74.351 (Vernon Supp. 2010); see also Ogletree v. Matthews, 262
S.W.3d 316, 319–20 (Tex. 2007) (if no report is served within 120 days, “the Legislature
denied trial courts the discretion to deny motions to dismiss or grant
extensions”).

            Doan
argues that Section 74.351 is unconstitutional as applied to her because it
violates her rights under the Texas Open Courts provision by requiring the
trial court to dismiss her suit even though service of the expert report was
impossible.  Christus contends that
serving the report was not impossible because either Doan or her counsel could
have filed and served the expert report during the 100-day period between the
filing of suit and Hoover’s death.[3]


            When
reviewing the constitutionality of a statute under an Open Courts challenge, we
begin with the presumption that the statute is constitutional.  Sax v.
Votteler, 648 S.W.2d 661, 664 (Tex. 1983); see Gutierrez, 111 S.W.3d at 66.  The party challenging the constitutionality of
a statute must demonstrate that it fails to meet constitutional requirements.  Gutierrez,
111 S.W.3d at 66.

            Article
I, Section 13 of the Texas Constitution provides that “[a]ll courts shall be
open, and every person for an injury done him, in his lands, goods, person or
reputation, shall have remedy by due course of law.”  Tex.
Const. art. I, § 13.  This
provision, commonly referred to as the “Open Courts” provision, is premised
upon the rationale that the Legislature lacks the power to make a remedy by due
course of law contingent on an impossible condition.  Moreno
v. Sterling Drug, Inc., 787 S.W.2d 348, 355 (Tex. 1990); Morrison v. Chan, 699 S.W.2d 205, 207
(Tex. 1985).  It acts as an additional
due process guarantee granted in the Texas Constitution, prohibiting
legislative bodies from withdrawing all legal remedies from anyone having a
well-defined common law cause of action.  Sax,
648 S.W.2d at 664–65.  The Open Courts
provision guarantees “the legislature may not abrogate the right to assert a
well-established common law cause of action unless the reason for its action
outweighs the litigants’ constitutional right of redress.”  Trinity
River Auth. v. URS Consultants, Inc., 889 S.W.2d 259, 261 (Tex. 1994) (quoting Tex. Ass’n of Business v. Tex. Air Control
Bd., 852 S.W.2d 440, 448 (Tex. 1993)).  Therefore, to establish an as applied Open Courts
violation, Doan must show:  (1) that she
has a cognizable common law cause of action that is being restricted and (2)
that under the circumstances of this case, the restriction is unreasonable or
arbitrary when balanced against the purpose and basis of the statute.  Yancy v.
United Surgical Partners Int’l, Inc., 236 S.W.3d 778, 783 (Tex. 2007); Diaz v. Westphal, 941 S.W.2d 96, 100
(Tex. 1997).

            The
stated purpose of Section 74.351’s expert report requirement is “to stem
frivolous suits against health care providers.” 
Lewis v. Funderburk, 253
S.W.3d 204, 205 (Tex. 2008); Palacios,
46 S.W.3d at 877; Perry v. Stanley,
83 S.W.3d 819, 825 (Tex. App.––Texarkana 2002, no pet.); Gill v. Russo, 39 S.W.3d 717, 719 (Tex. App.––Houston [1st Dist.]
2001, pet. denied).  Here, the parties do
not dispute that Doan’s medical negligence claim is a well-recognized common
law cause of action and that Section 74.351 restricts said cause of
action.  See, e.g., Humphreys v.
Roberson, 125 Tex. 558, 83 S.W.2d 311 (1935).  Therefore, the issue in this case is whether
the restriction is unreasonable or arbitrary when balanced against the purpose
and basis of Section 74.351.

            When
faced with other facial and as applied challenges, Texas courts, including this
one, have consistently held that Section 74.351 does not violate the Open Courts
provision of the Texas Constitution.  See,
e.g., Bankhead v. Spence, 314
S.W.3d 464 (Tex. App.––Waco 2010, pet. denied) (no Open Courts violation when
pro se inmate plaintiff was not entitled to appointed counsel to help obtain
expert report); Offenbach v. Stockton,
285 S.W.3d 517 (Tex. App.––Dallas 2009, pet. granted) (no Open Courts violation
because service was possible even though plaintiff filed an early and timely
request for substituted service and trial court did not grant until after 120-day
deadline); Ledesma v. Shashoua, No.
03-05-00454-CV, 2007 WL 2214650, at **8–9 (Tex. App.––Austin Aug. 3, 2007, pet.
denied) (mem. op.) (no Open Courts violation where claimant served expert
report, but trial court found report inadequate and refused extension to
correct deficiencies); Fields v.
Metroplex Hosp. Found., No. 03-04-00516-CV, 2006 WL 2089171, at *4 (Tex.
App.––Austin July 28, 2006, no pet.) (mem. op.) (no Open Courts violation where
claim dismissed when claimant served expert report late); Herrera v. Seton Nw. Hosp., 212 S.W.3d 452 (Tex. App.––Austin 2006,
no pet.) (no Open Courts violation when plaintiff inadvertently failed to serve
expert report); Thoyakulathu v. Brennan,
192 S.W.3d 849 (Tex. App.––Texarkana 2006, no pet.) (dismissal under Section
74.351 did not violate due process when plaintiff failed to timely serve expert
report because his fax machine malfunctioned on day of deadline); Perry, 83 S.W.3d 819 (no Open Courts
violation even though plaintiff could not afford an expert); Gill, 39 S.W.3d 717 (even though pro se
inmate plaintiff could not afford an expert, requirement that he serve an
expert report did not violate Open Courts provision).

            This
case involves exceedingly rare circumstances, and there is only one case that
is factually similar.  In Palosi v. Kretsinger, an expert report
was not filed due to the unexpected death of the plaintiffs’ attorney after the
filing of suit, but prior to the 120-day deadline.  No. 04-08-00007-CV, 2009 WL 331894 (Tex.
App.––San Antonio Feb. 11, 2009, no pet.) (mem. op.).  Because of that failure, the trial court
dismissed the plaintiffs’ cause of action with prejudice.  Id.  On appeal, the plaintiffs argued that
portions of Section 74.351 violated the Open Courts provision.  The court held that the Open Courts provision did
not apply because the plaintiffs’ claim failed the first prong of the Open Courts
test because a survivorship action is not a common law cause of action.  Id.
at **2–3.  However, Palosi does not provide any guidance in this case because, unlike
the plaintiffs in Palosi, Doan’s
cause of action is well-recognized in common law.

            The
common principle underlying the Texas Supreme Court’s decisions construing the Open
Courts provision is that the Legislature has no power to make a remedy
contingent upon an impossible condition.  Tinkle
v. Henderson, 730 S.W.2d 163, 167 (Tex. App.––Tyler 1987, writ ref’d) (citing
Nelson v. Krusen, 678 S.W.2d 918, 921
(Tex. 1984)).

            In
this case, at the time of Hoover’s death, the report had not been filed or
served; however, Doan was still within the 120-day period granted by Section 74.351.
 Hoover was a sole practitioner who was
working alone on this case, and after his death, only Doan had the legal
authority to file and serve the report.[4]  It is undisputed that Doan was unaware of
Hoover’s death, and there is nothing in the record to indicate that Doan should
have known of his death.  Therefore, Doan
had no reason to act on her own behalf or to obtain other counsel.  

            Requiring
Doan to file and serve the report during the 100 days between filing suit and
Hoover’s death would give Doan less than the 120 days granted by Section 74.351
and would essentially require Doan’s counsel to file and serve the report as
soon as possible “just in case” he should die or become incapacitated at an
inconvenient time.  See Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(a).  But
it was not impossible to file the report within the 120 days allowed by the
statute––it could have been filed during the 100 days prior to Hoover’s
death.  Application of the literal terms
of the statute denies Doan her day in court, not because of inadvertence, or
anyone’s negligence or mistake, or the last-minute failure of a fax machine, or
because it has been found as frivolous, but rather because her
solo-practitioner attorney unexpectedly died three weeks prior to the deadline,
and she had no reason to know of his death. 


            We
seriously doubt that the Legislature envisioned that this rule would summarily
deny this claim––the purpose of the statute was to deter frivolous claims.  But, in this matter, the Legislature removed
all discretion from the judicial system, which inevitably leads to harsh and
unintended results.  Judges in Texas are
allowed to exercise judgment and discretion in cases involving life and death,
but in the filing of an expert report, the law prohibits it.  Since we cannot accurately state that it was
impossible to file this report within the 120 days from the date the original
petition was filed, we cannot hold that the Open Courts provision of the
constitution was violated; we are compelled by the legislative enactment to
affirm the judgment.  

            We
affirm the judgment of the trial court.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

 

 

 

CONCURRING
OPINION

 

            I
concur with the majority opinion, though there is authority the Texas Supreme
Court could employ to give Doan her day in court.

            The
principal authority for the proposition that the Open Courts provision is
violated when a legislative enactment makes a remedy contingent on an
impossible condition is Nelson v. Krusen,
678 S.W.2d 918, 921–24 (Tex.
1984).  In reviewing the precedents developing
the rule, Nelson included some fact
patterns that, to be precise, did not present the truly impossible, but merely
the practically impossible or effectively impossible, given the
particular situation of the plaintiff whose cause of action hung in the
balance—analyzing each fact situation from the point of view of the
plaintiff.

            One
such case was Dillingham v. Putnam,
109 Tex. 1, 14 S.W. 303 (1890).  That
case ruled that requiring a supersedeas bond, as a condition to appeal, from
one without the means to purchase one was a practical impossibility and, thus,
an unconstitutional statute.  Id.
at 305.  It should be noted that bonds
are posted regularly, often by people without the personal means to purchase
them, by making arrangements with family or friends.  Once her attorney died, Doan had no ability
to personally serve an expert report or to get anyone else to give it, because
of her lack of knowledge of the death of her attorney.  Therefore, to her, once her attorney died, it
was practically impossible to serve
an expert report on the defense.

            Another
case discussed by Nelson was Hanks
v. City of Port Arthur, 121
Tex. 202, 48 S.W.2d 944 (1932).  Hanks invalidated a city ordinance that
required twenty-four-hour advance notice of a street defect before an accident
caused by that defect was actionable. 
The court reasoned that it imposed “an unreasonable condition precedent
to recovery” to require a notice from someone who did not know of the
information to be noticed, thus declaring the notice provision
unconstitutional.  Id. at
948.  Similarly, Doan did not know of the
death of her attorney, so requiring her, the only person to have authority to
take any action on her behalf in the lawsuit, to perform a function she had no
reason to know she must perform, can be argued “to impose an unreasonable condition
precedent to recovery. . . beyond the legislative power.”  See id.

            Nelson, thus, reasoned that the Open Courts
provision is violated by requiring one to take an action he or she did not know
was required and should not reasonably have known was required.  Nelson,
678 S.W.2d at 922.  Nelson
considered how onerous the provision was when it questioned whether the Nelsons’
burden was “any less onerous than requiring a party to sue where there are no
courts?  See H. Runge & Co. v.
Wyatt, 25 Tex. (Supp.) 291
(1860).”  Nelson also considered the perceived arbitrariness of the statutory
condition, citing Dillingham.  Citing the Hanks case, Nelson also
considered the lack of knowledge of the plaintiff, finding there that the lack
of knowledge set up an “impossible requirement.”

            Here,
like the situation in Nelson, this
statutory provision would require Doan, once her attorney died, to do the
practically impossible––to serve an expert report within approximately the last
three weeks before the statutory deadline, although she did not know and had no
reason to know of her attorney’s death. 
Given the statutorily decreed 120-day period for serving an expert
report and her attorney’s death with about twenty days left in that period, it
is onerous and arbitrary to require Doan to have served her expert report
thereafter, notwithstanding her lack of knowledge about the situation and
notwithstanding the fact that she was the only person in the world who had the
authority to take the action before the deadline.  Thus, as applied to Doan, an unknowingly
unrepresented litigant, the Open Courts provision ought to provide some
relief.  The contrary result “is rightly
described as ‘shocking’ and is so absurd and so unjust that it ought not be
possible.”  Nelson, 678 S.W.2d at
923 (citing Hays v. Hall,
488 S.W.2d 412, 414 (Tex. 1972); Gaddis v. Smith, 417 S.W.2d 577, 580, 581 (Tex. 1967)).

            But, here, an expert report could
have been served in the approximately 100 days between the time Doan’s attorney
filed suit and the day he died.  The
statutory scheme did not set up a practical impossibility, when the full filing
period is considered.  For that reason, I
concur in the result set forth in the majority opinion.

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          November 12, 2010

Date Decided:             December 15, 2010











[1]On
appeal, Christus contends that the affidavit should not be considered for any
purpose because it was not timely submitted and was hearsay.  Christus acknowledges that even though it
objected to the affidavit at trial, it failed to secure a ruling on its
objection.  However, citing In re Z.L.T., 124 S.W.3d 163, 165 (Tex.
2003), and Frazier v. Yu, 987 S.W.2d
607, 609 (Tex. App.––Fort Worth 1999, pet. denied), Christus argues that the
trial court implicitly sustained its objection. 
In Z.L.T., a prisoner moved for a bench warrant to attend a hearing, but the
trial court held the hearing without the prisoner’s presence and without ruling
on the motion.  124 S.W.3d at 164.  The Supreme Court of Texas held that by holding
the hearing without issuing the warrant, it was clear that the trial court
implicitly denied the prisoner’s request. 
In this case, the trial court’s actions did not require overruling
Christus’ objection. 

                In
Frazier, a movant objected to
affidavits on the grounds that they were incompetent summary judgment evidence
and, without ruling on the objection, the trial court entered an order for
summary judgment.  987 S.W.2d at
610.  The trial court noted that it had
reviewed “all competent summary
judgment evidence,” and the court of appeals held that this language “created
an inference that the court implicitly sustained [the] objections.”  987 S.W.2d at 610.  However, here, there is no such language from
which to infer the trial court’s ruling. 
Therefore, Christus failed to obtain a ruling on its objection and this
issue was not preserved for our review.  See Tex.
R. App. P. 33.1.





[2]Under
Section 74.351(a), the parties may agree in writing to an extension of time,
and subsection (c) provides for a thirty-day extension in the event a party
files a defective expert report.  See Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a), (c).

 





[3]Christus
also argues that Doan could have served the report prior to filing suit.  However, Christus fails to cite any authority
in support of this argument and we are aware of none. 





[4]Despite
the relatively swift appointment of Stroud to take over Hoover’s law practice,
the appointment did not occur until after the statutory deadline had passed.