# IN THE

# FIRST COURT OF APPEALS

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

OCT 28 2015

CHRISTOPHER A. PRINE
CLERK_____

## NO. 01-15-00663-CV

## DEVON WILMINGTON, Appellant

## V.

## BAY AREA UTILITIES, LLC, Appellee

**On Appeal from the County Court at Law 3
Harris County, Texas**

**Trial Court Cause No. 1057183**

## APPELLANT'S REPLY BRIEF

Respectfully submitted,

By: /s/Devon Wilmington
Devon Wilmington
P.O. Box 19547
Sugarland, Texas 77496-9547
Tel. (832) 754-6152
Email: devonwilmington@yahoo.com
Pro Se Appellant

# TABLE OF CONTENTS

I.     Identity of Parties and Counsel...................................................3

II.    Index of Authorities...............................................................4

III.   Introduction.......................................................................5

IV.    Arguments..........................................................................5

       1. **The County Court correctly granted the Final Judgment on July 27, 2015 as Bay Area had the superior right to possession of the Real Property**...................................................................5

       2. **The issue of possession of the Real Property at this time is moot**.......6

       3. **The Trial Court had jurisdiction**..............................................7

       4. **The monetary judgment against Albert Reff was not appealed and is therefore a final judgment and Wilmington has not contested the monetary judgment**......................................................9

IV.    Prayer.............................................................................10

XI.    Certificate of Service............................................................11

# I. *Identity of Parties and Counsel*

The following is a list of all parties and all counsel in this matter:

A.   Appellant is Devon Wilmington, defendant in the trial court.

Pro Se Appellant is:

Devon Wilmington
P.O. Box 19547
Sugarland, Texas 77496-9547
P. 832-754-6152;
devonwilmington@yahoo.com

B.   Appellee is BAY AREA UTILITIES, LLC, plaintiff in the trial court. The attorney representing Appellee is:

Timothy J. Henderson
State Bar Number 09432500
6300 West Loop South, Suite 280
Bellaire, Texas 77401-2905
P. 713.667.7878 F. 713.668.5697
timjhenderson@msn.com

CO-COUNSEL:
Joseph P. Montalbano
State Bar No. 14279700
2525 Bay Area Blvd., Suite 310
Houston, Texas 77058
P. 281.488.1656 F. 281.488.5884

## II. *Index of Authorities*

**Statutes**

TEX. PROP.CODE ANN § 24.005(b)...............................................9
Texas Rules of Civil Procedures for Justice Courts Rule 510.3(c)...............9
TRAP RULE 9.4...........................................................................10

**Cases**

Adedipe v. Guardian Transfer & Storage, Inc., No. 14-10-00752-CV, 2011 Tex. App. LEXIS 71..........................................................8

Aguilar v. Weber, 72 S.W.3d 729 (Tex. App. – Waco 2002, pet. dism'd w.o.j.)......................................................................................7

Dillingham v. Putnam, 109 Tex. 1, 14 S.W. 303 (Tex. 1890).................7

Elwell v. Countrywide Home Loans, Inc., 267 S.W.3d 566, 568-69 (Tex. App.-Dallas 2008, pet. Dism'd w.o.j.).......................................5

Gulledge v. White, 73 Tex. 498, 11 S.W. 527 (1889).........................7

Kennedy v. Andover Place Apartments, 203 S.W.3d 495, 497 (Tex. App.--Houston [14th Dist.] 2006, no pet.)........................................7

Mekeel v. U.S. Bank National Assn., 355 S.W.3d 349, 357 (Tex. App. – El Paso 2010, pet. dism'd)..............................................................6

Schlichting v. Lehman Brothers Bank FSB, 346 S.W.3d 196, 198 (Tex. App. – Dallas 2011, pet. dism'd)..................................................6

Texas Best Mortgage, Inc. v. Nieves, No. 04-03-00097-CV, 2003 Tex. App. LEXIS 9402, at 7-8(Tex. App. – San Antonio Nov. 5, 2003, no pet.)(mem. op.)...............................................................................8
Valdez v. Gonzalez Equities, Ltd., No. 04-12-00466-CV, Defendants.......8

Ward v. Malone, 115 S.W.3d 267, 271 (Tex. App. – Corpus Christi 2003, no pet..................................................................................8

# I. INTRODUCTION

By this Reply Brief, no attempt is made to set forth a response to each of Appellee's contentions, most of which are fully covered by the opening brief. Only those points requiring additional comment will be raised to assist this court in resolving the pertinent issues.

# II. ARGUMENT

**ISSUE 1: The County Court correctly granted the Final Judgment on July 27, 2015 as Bay Area had the superior right to possession of the Real Property.**

Appellant disputes issue 1:

Trial Court erred in rendering judgment in forcible detainer action. BAY AREA UTILITIES had no legal claim to bring a matter of Forcible Detainer Action. In order to prevail on its forcible detainer action, [the plaintiff has to] to prove (1) it owned the property by virtue of a foreclosure sale deed, (2) Defendant became a tenant at sufferance when the property was sold under the deed of trust, (3) Plaintiff gave Defendant notice to vacate the premises, and (4) Defendant refused to vacate the premises. See Elwell v. Countrywide Home Loans, Inc., 267 S.W.3d 566, 568-69 (Tex. App.-Dallas 2008, pet. dism'd w.o.j.).

BAY AREA UTILITIES has no prima facie evidence that it owned the property 12951 Iris Garden Lane by virtue of a Substitute Trustee Deed. Therefore they could not demand possession because they were not entitled to

possession of property. Devon Wilmington continues to have superior right to possession of property.

**ISSUE 2: The issue of possession of the Real Property at this time is moot.**

Appellant disputes issue 2.

BAY AREA UTILITIES who was not the buyer at the foreclosure sale has failed in its attempt to offer sufficiency of evidence of good cause, and therefore a genuine justiciable controversy exists between parties.

In order to prove right to possession, it is sufficient if the buyer at the foreclosure properly proves up (1) the deed of trust, (2) the substitute trustee's deed, and (3) the notice to vacate. Mekeel v. U.S. Bank National Assn., 355 S.W.3d 349, 357 (Tex. App. – El Paso 2010, pet. dism'd); Schlichting v. Lehman Brothers Bank FSB, 346 S.W.3d 196, 198 (Tex. App. – Dallas 2011, pet. dism'd);

Bay Area Utilities has only exercised its right under judgment to obtain writ of possession. There is no evidence presented as to whether there has been actual execution of the Writ of Possession. Devon Wilmington continues to assert her rights of actual possession of property. Devon Wilmington has contended that BAY AREA UTILITIES has not stated a claim for which relief can be granted and that superior possession still rests with her. Devon has been, and continues to stand in defense of possession to subject property. If the evicted party claiming possession has a potentially meritorious claim to possess the residential premises,

however, displacement by eviction does not render the appeal moot. Kennedy v. Andover Place Apartments, 203 S.W.3d 495, 497 (Tex. App.--Houston [14th Dist.] 2006, no pet.)

Devon Wilmington exercised her right to appeal to further claim right to possession of her property. Devon Wilmington has a right to appeal without Posting Supersedeas Bond. The Texas Supreme Court held over 120 years ago that conditioning a party's right to appeal upon posting a supersedeas bond violates the due course of law provision of the Texas Constitution. See Dillingham v. Putnam, 109 Tex. 1, 14 S.W. 303 (Tex. 1890).

## ISSUE 3: The Trial Court had jurisdiction.

Appellant disputes Issue 3.

Appellant asserts that the trial court did not have jurisdiction, because no landlord-tenant relationship was set forth in a contract for deed. A landlord-tenant relationship is required to support a forcible detainer action. Gulledge v. White, 73 Tex. 498, 11 S.W. 527 (1889); See Aguilar v. Weber, 72 S.W.3d 729 (Tex. App. – Waco 2002, pet. dism'd w.o.j.). Here the appellate court held that because no landlord-tenant relationship was set forth in the contract for deed and the buyers contested the default issue related to possession, title was at issue and the county court erred by interpreting title under the contract in order to determine possession in a forcible detainer lawsuit. The court reasoned that the eviction case involved a

right to possession dependent on the contract for deed and, therefore, the justice court and county court lacked jurisdiction of the forcible detainer lawsuit. Id.; accord, Ward v. Malone, 115 S.W.3d 267, 271 (Tex. App. – Corpus Christi 2003, no pet.); Texas Best Mortgage, Inc. v. Nieves, No. 04-03-00097-CV, 2003 Tex. App. LEXIS 9402, at 7-8 (Tex. App. – San Antonio Nov. 5, 2003, no pet.) (mem. op.).

When a contract for deed is not introduced into evidence and the buyer alleges fulfillment of the terms of an agreement, "the justice court lacks jurisdiction because the suit necessarily involves a determination of title." Valdez v. Gonzalez Equities, Ltd., No. 04-12-00466-CV, Defendants.

The county court at law lost its jurisdiction when it alleged damages in excess of $59,053.79. When an appellee amended his suit and alleged damages in excess of $10,000 in county court at law, the county court at law lost jurisdiction because the justice court did not have jurisdiction. Adedipe v. Guardian Transfer & Storage, Inc., No. 14-10-00752-CV, 2011 Tex. App. LEXIS 71.

**ISSUE 4: The monetary judgment against Albert Reff was not appealed and is therefore a final judgment and Wilmington has not contested the monetary judgment.**

Appellant disputes issue 4.

Albert Reff was not and is not a party to this forcible detainer suit due to the fact he was not named in the petition neither served with citation. Albert Reff is not named under a lease. Therefore no judgment can attach. I rebut the presumption that Albert Reff owes a money judgment. According to Rule 510.3(c); when the eviction is based on a written residential lease, the plaintiff must name as defendants all tenants obligated under the lease residing at the premises whom plaintiff seeks to evict. No judgment or writ of possession may issue or be executed against a tenant obligated under the lease and residing at the premises who is not named in the petition and served with citation.

BAY AREA UTILITIES was not the purchaser at foreclosure sale and therefore not entitled to rents. According to TEX. PROP. CODE ANN. § 24.005(b) (purchaser at foreclosure sale entitled to rent paid after giving notice to tenant of foreclosure sale).

Devon Wilmington rebuts the presumption of any money judgment owed and has contested the Final Judgment of the Trial Court in her opening brief, which is

inclusive of the Money Judgment.

## X.    *Prayer*

Appellant prays that this Court reverse the Trial Court's ruling without remand and renders a take nothing judgment and grant Devon Wilmington any further equitable relief it deems appropriate.

Respectfully submitted,

Devon Wilmington

By: _ Devon Wilmington, PRO SE
P.O. Box 19547;
Sugarland, TX 77496-9547;
P. 832.754.6152

**CERTIFICATE OF COMPLIANCE** - Pursuant to Tex. R. App. Pro. 9.4, I hereby certify that this Appellant's Reply Brief contains 1,567 words. This is a computer-generated document created in Microsoft Word, using 12 or 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

By: _____
Devon Wilmington

## XI. *CERTIFICATE OF SERVICE*

A copy of this Appellant's Reply Brief was served upon Timothy J. Henderson, 6300 West Loop South Suite 280 Houston, TX 77401-2905 counsel for Appellee and Joseph P. Montalbano 2525 Bay Area Blvd. Suite 310 Houston, Texas 77058 secondary counsel for Appellee, via certified mail.

5. A rental car will not be necessary, as the hotel will provide shuttle transportation to/from the airport, hotel and Union Pacific Center (UPC).

Upon arriving to Eppley Airfield, please call the hotel to let the valet staff know that you have arrived. The shuttle will meet you at Gate #2 after you have collected your luggage.

## CONTACTS

Travel Services: Travel & Transport
(402) 544-1949 -- 8:00 a.m. to 5:00 p.m. (CST) Monday -- Friday
* After Hours Emergency Contact: 800-388-4405 *(nights, weekends and holidays)*

# Heather S. Davis, M. Ed.
**Program Manager - Onboarding**
Union Pacific Railroad |1400 Douglas Street, STOP 340 |Omaha, NE 68179
P: 402.544.1401|hsdavis@up.com

**I build performance improvement. What will you build?**
**Visit UP.jobs for career opportunities.**

**Build with us:** <0.38E2.gif><0.3D8C.gif><0.4750.gif>

**

This email and any attachments may contain information that is confidential and/or privileged for the sole use of the intended recipient. Any use, review, disclosure, copying, distribution or reliance by others, and any forwarding of this email or its contents, without the express permission of the sender is strictly prohibited by law. If you are not the intended recipient, please contact the sender immediately, delete the e-mail and destroy all copies.

**

**

This email and any attachments may contain information that is confidential and/or privileged for the

sole use of the intended recipient. Any use, review, disclosure, copying, distribution or reliance by others, and any forwarding of this email or its contents, without the express permission of the sender is strictly prohibited by law. If you are not the intended recipient, please contact the sender immediately, delete the e-mail and destroy all copies.

**

---

## Attachments

- Untitled2.gif (959B)
- Untitled3.gif (1.47KB)
- Untitled4.gif (492B)
- Untitled5.gif (981B)
- Untitled6.gif (959B)
- Untitled7.gif (1.47KB)
- Untitled8.gif (492B)
- Untitled9.gif (981B)
- Untitled10.gif (959B)
- Untitled11.gif (1.47KB)
- Untitled12.gif (492B)
- Untitled13.gif (492B)