

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00040-CV
_____

MARGARET DOAN, Appellant

V.

CHRISTUS HEALTH ARK-LA-TEX, D/B/A
CHRISTUS ST. MICHAEL HEALTH SYSTEM, Appellee

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 09C1020-202

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter
Concurring Opinion by Chief Justice Morriss

OPINION

Because the statutorily-mandated expert report and curriculum vitae were not served within 120 days from filing of the original petition, the trial court dismissed this medical liability claim and granted an attorney's fee. Appellant, Margaret Doan, raises a single issue contending portions of Section 74.351 of the Texas Civil Practice and Remedies Code violate her rights under the Open Courts provision of the Texas Constitution. TEX. CONST. art. I, § 13. We affirm the trial court's judgment.

## I. Background Facts

After having her knee replaced, Doan was a rehabilitation patient at Christus Health Ark-La-Tex, d/b/a Christus St. Michael Health System (Christus). While under the care of Christus, she fell, injuring the knee that had been replaced. Doan hired attorney Paul Hoover to represent her, and on July 15, 2009, she filed a general healthcare liability suit, alleging that Christus' negligence proximately caused her injuries. Because her claim is a healthcare liability claim, Doan was required to serve Christus with an expert report and the expert's curriculum vitae within 120 days of filing suit, no later than November 12, 2009. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2010).

On October 23, 2009, twenty days before the expiration of the 120-day time period, Hoover unexpectedly died. Hoover was a sole practitioner and, according to Rebecca Rich, his

2

secretary and sole employee, he was "handling this case entirely on his own."[1]  Doan failed to

serve Christus with an expert report before the deadline passed.

Less than one month after Hoover's death, on November 20, 2009, John Stroud, III, was

appointed to assume control of Hoover's law practice in order to protect the interests of Hoover's

clients.   Until Stroud was appointed, only Doan had the authority to take any legal action on her

behalf.   It is undisputed in the record that Doan was unaware of the filing deadline and that she did

not learn of Hoover's death until the second week of December, well after the deadline had passed.

In January 2010, Christus filed a motion to dismiss pursuant to Section 74.351(b) because

it had not been served with the required expert report and curriculum vitae.   TEX. CIV. PRAC. &

REM. CODE ANN. § 74.351(b) (Vernon Supp. 2010).   The trial court granted the motion, dismissed

the suit against Christus with prejudice, and awarded Christus $5,000.00 in attorney's fees.

---

[1]On appeal, Christus contends that the affidavit should not be considered for any purpose because it was not timely submitted and was hearsay.   Christus acknowledges that even though it objected to the affidavit at trial, it failed to secure a ruling on its objection.   However, citing *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003), and *Frazier v. Yu*, 987 S.W.2d 607, 609 (Tex. App.—Fort Worth 1999, pet. denied), Christus argues that the trial court implicitly sustained its objection.   In *Z.L.T.*, a prisoner moved for a bench warrant to attend a hearing, but the trial court held the hearing without the prisoner's presence and without ruling on the motion.   124 S.W.3d at 164.   The Supreme Court of Texas held that by holding the hearing without issuing the warrant, it was clear that the trial court implicitly denied the prisoner's request.   In this case, the trial court's actions did not require overruling Christus' objection.

In *Frazier*, a movant objected to affidavits on the grounds that they were incompetent summary judgment evidence and, without ruling on the objection, the trial court entered an order for summary judgment.   987 S.W.2d at 610.   The trial court noted that it had reviewed "all *competent* summary judgment evidence," and the court of appeals held that this language "created an inference that the court implicitly sustained [the] objections."   987 S.W.2d at 610. However, here, there is no such language from which to infer the trial court's ruling.   Therefore, Christus failed to obtain a ruling on its objection and this issue was not preserved for our review.   *See* TEX. R. APP. P. 33.1.

3

## II.     Standard of Review

We review a trial court's ruling on a motion to dismiss under Section 74.351(b) for an abuse of discretion.  TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b); *Am. Transitional Care Ctrs. of Tex. v. Palacios*, 46 S.W.3d 873, 877–78 (Tex. 2001).  Pure questions of law, however, such as the constitutional challenge here, are reviewed de novo because the trial court has no discretion in determining what the law is or how to apply the law to the facts.  *In re Jorden*, 249 S.W.3d 416, 424 (Tex. 2008); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).  If a statute operates unconstitutionally, the trial court has no discretion to apply it.  *Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003) (finding failure to comply with expert report statute did not violate due process right and trial court did not abuse discretion in dismissing claim).

## III.    Analysis—Open Courts Provision of the Texas Constitution

Section 74.351(a) requires that an expert report and curriculum vitae "shall" be served on the opposing party within 120 days after the original petition is filed.  TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).  Failure to comply is fatal; the trial court has no discretion to grant an extension of time due to exigent circumstances.[2]  TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2010); *see also Ogletree v. Matthews*, 262 S.W.3d 316, 319–20 (Tex. 2007) (if no

---

[2]Under Section 74.351(a), the parties may agree in writing to an extension of time, and subsection (c) provides for a thirty-day extension in the event a party files a defective expert report.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (c).

4

report is served within 120 days, "the Legislature denied trial courts the discretion to deny motions to dismiss or grant extensions").

Doan argues that Section 74.351 is unconstitutional as applied to her because it violates her rights under the Texas Open Courts provision by requiring the trial court to dismiss her suit even though service of the expert report was impossible. Christus contends that serving the report was not impossible because either Doan or her counsel could have filed and served the expert report during the 100-day period between the filing of suit and Hoover's death.[3]

When reviewing the constitutionality of a statute under an Open Courts challenge, we begin with the presumption that the statute is constitutional. *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex. 1983); *see Gutierrez*, 111 S.W.3d at 66. The party challenging the constitutionality of a statute must demonstrate that it fails to meet constitutional requirements. *Gutierrez*, 111 S.W.3d at 66.

Article I, Section 13 of the Texas Constitution provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. This provision, commonly referred to as the "Open Courts" provision, is premised upon the rationale that the Legislature lacks the power to make a remedy by due course of law contingent on an impossible condition. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex. 1990); *Morrison v. Chan*, 699 S.W.2d 205, 207 (Tex.

---

[3]Christus also argues that Doan could have served the report prior to filing suit. However, Christus fails to cite any authority in support of this argument and we are aware of none.

5

1985). It acts as an additional due process guarantee granted in the Texas Constitution, prohibiting legislative bodies from withdrawing all legal remedies from anyone having a well-defined common law cause of action. *Sax*, 648 S.W.2d at 664–65. The Open Courts provision guarantees "the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress." *Trinity River Auth. v. URS Consultants, Inc*., 889 S.W.2d 259, 261 (Tex. 1994) (quoting *Tex. Ass'n of Business v. Tex. Air Control Bd*., 852 S.W.2d 440, 448 (Tex. 1993)). Therefore, to establish an as applied Open Courts violation, Doan must show: (1) that she has a cognizable common law cause of action that is being restricted and (2) that under the circumstances of this case, the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 783 (Tex. 2007); *Diaz v. Westphal*, 941 S.W.2d 96, 100 (Tex. 1997).

The stated purpose of Section 74.351's expert report requirement is "to stem frivolous suits against health care providers." *Lewis v. Funderburk*, 253 S.W.3d 204, 205 (Tex. 2008); *Palacios*, 46 S.W.3d at 877; *Perry v. Stanley*, 83 S.W.3d 819, 825 (Tex. App.—Texarkana 2002, no pet.); *Gill v. Russo*, 39 S.W.3d 717, 719 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Here, the parties do not dispute that Doan's medical negligence claim is a well-recognized common law cause of action and that Section 74.351 restricts said cause of action. *See, e.g.*, *Humphreys v. Roberson*, 125 Tex. 558, 83 S.W.2d 311 (1935). Therefore, the issue in this case is whether the

6

restriction is unreasonable or arbitrary when balanced against the purpose and basis of Section 74.351.

When faced with other facial and as applied challenges, Texas courts, including this one, have consistently held that Section 74.351 does not violate the Open Courts provision of the Texas Constitution. *See*, *e.g.*, *Bankhead v. Spence*, 314 S.W.3d 464 (Tex. App.—Waco 2010, pet. denied) (no Open Courts violation when pro se inmate plaintiff was not entitled to appointed counsel to help obtain expert report); *Offenbach v. Stockton*, 285 S.W.3d 517 (Tex. App.—Dallas 2009, pet. granted) (no Open Courts violation because service was possible even though plaintiff filed an early and timely request for substituted service and trial court did not grant until after 120-day deadline); *Ledesma v. Shashoua*, No. 03-05-00454-CV, 2007 WL 2214650, at **8–9 (Tex. App.—Austin Aug. 3, 2007, pet. denied) (mem. op.) (no Open Courts violation where claimant served expert report, but trial court found report inadequate and refused extension to correct deficiencies); *Fields v. Metroplex Hosp. Found.*, No. 03-04-00516-CV, 2006 WL 2089171, at *4 (Tex. App.—Austin July 28, 2006, no pet.) (mem. op.) (no Open Courts violation where claim dismissed when claimant served expert report late); *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452 (Tex. App.—Austin 2006, no pet.) (no Open Courts violation when plaintiff inadvertently failed to serve expert report); *Thoyakulathu v. Brennan*, 192 S.W.3d 849 (Tex. App.—Texarkana 2006, no pet.) (dismissal under Section 74.351 did not violate due process when plaintiff failed to timely serve expert report because his fax machine malfunctioned on day of

7

deadline); *Perry*, 83 S.W.3d 819 (no Open Courts violation even though plaintiff could not afford an expert); *Gill*, 39 S.W.3d 717 (even though pro se inmate plaintiff could not afford an expert, requirement that he serve an expert report did not violate Open Courts provision).

This case involves exceedingly rare circumstances, and there is only one case that is factually similar. In *Palosi v. Kretsinger*, an expert report was not filed due to the unexpected death of the plaintiffs' attorney after the filing of suit, but prior to the 120-day deadline. No. 04-08-00007-CV, 2009 WL 331894 (Tex. App.—San Antonio Feb. 11, 2009, no pet.) (mem. op.). Because of that failure, the trial court dismissed the plaintiffs' cause of action with prejudice. *Id.* On appeal, the plaintiffs argued that portions of Section 74.351 violated the Open Courts provision. The court held that the Open Courts provision did not apply because the plaintiffs' claim failed the first prong of the Open Courts test because a survivorship action is not a common law cause of action. *Id*. at \*\*2–3. However, *Palosi* does not provide any guidance in this case because, unlike the plaintiffs in *Palosi*, Doan's cause of action is well-recognized in common law.

The common principle underlying the Texas Supreme Court's decisions construing the Open Courts provision is that the Legislature has no power to make a remedy contingent upon an impossible condition. *Tinkle v. Henderson*, 730 S.W.2d 163, 167 (Tex. App.—Tyler 1987, writ ref'd) (citing *Nelson v. Krusen*, 678 S.W.2d 918, 921 (Tex. 1984)).

In this case, at the time of Hoover's death, the report had not been filed or served; however, Doan was still within the 120-day period granted by Section 74.351. Hoover was a sole practitioner who was working alone on this case, and after his death, only Doan had the legal authority to file and serve the report.[4] It is undisputed that Doan was unaware of Hoover's death, and there is nothing in the record to indicate that Doan should have known of his death. Therefore, Doan had no reason to act on her own behalf or to obtain other counsel.

Requiring Doan to file and serve the report during the 100 days between filing suit and Hoover's death would give Doan less than the 120 days granted by Section 74.351 and would essentially require Doan's counsel to file and serve the report as soon as possible "just in case" he should die or become incapacitated at an inconvenient time. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). But it was not impossible to file the report within the 120 days allowed by the statute—it could have been filed during the 100 days prior to Hoover's death. Application of the literal terms of the statute denies Doan her day in court, not because of inadvertence, or anyone's negligence or mistake, or the last-minute failure of a fax machine, or because it has been found as frivolous, but rather because her solo-practitioner attorney unexpectedly died three weeks prior to the deadline, and she had no reason to know of his death.

We seriously doubt that the Legislature envisioned that this rule would summarily deny this claim—the purpose of the statute was to deter frivolous claims. But, in this matter, the

---

[4]Despite the relatively swift appointment of Stroud to take over Hoover's law practice, the appointment did not occur until after the statutory deadline had passed.

Legislature removed all discretion from the judicial system, which inevitably leads to harsh and unintended results. Judges in Texas are allowed to exercise judgment and discretion in cases involving life and death, but in the filing of an expert report, the law prohibits it. Since we cannot accurately state that it was impossible to file this report within the 120 days from the date the original petition was filed, we cannot hold that the Open Courts provision of the constitution was violated; we are compelled by the legislative enactment to affirm the judgment.

We affirm the judgment of the trial court.


Jack Carter
Justice



CONCURRING OPINION

I concur with the majority opinion, though there is authority the Texas Supreme Court could employ to give Doan her day in court.

The principal authority for the proposition that the Open Courts provision is violated when a legislative enactment makes a remedy contingent on an impossible condition is *Nelson v. Krusen*, 678 S.W.2d 918, 921–24 (Tex. 1984). In reviewing the precedents developing the rule, *Nelson* included some fact patterns that, to be precise, did not present the truly impossible, but merely the *practically* impossible or *effectively* impossible, given the particular situation of the

plaintiff whose cause of action hung in the balance—analyzing each fact situation from the point of view of the plaintiff.

One such case was *Dillingham v. Putnam*, 109 Tex. 1, 14 S.W. 303 (1890). That case ruled that requiring a supersedeas bond, as a condition to appeal, from one without the means to purchase one was a practical impossibility and, thus, an unconstitutional statute. *Id.* at 305. It should be noted that bonds are posted regularly, often by people without the personal means to purchase them, by making arrangements with family or friends. Once her attorney died, Doan had no ability to personally serve an expert report or to get anyone else to give it, because of her lack of knowledge of the death of her attorney. Therefore, to her, once her attorney died, it was *practically* impossible to serve an expert report on the defense.

Another case discussed by *Nelson* was *Hanks v. City of Port Arthur*, 121 Tex. 202, 48 S.W.2d 944 (1932). *Hanks* invalidated a city ordinance that required twenty-four-hour advance notice of a street defect before an accident caused by that defect was actionable. The court reasoned that it imposed "an unreasonable condition precedent to recovery" to require a notice from someone who did not know of the information to be noticed, thus declaring the notice provision unconstitutional. *Id.* at 948. Similarly, Doan did not know of the death of her attorney, so requiring her, the only person to have authority to take any action on her behalf in the lawsuit, to perform a function she had no reason to know she must perform, can be argued "to

11

impose an unreasonable condition precedent to recovery. . . beyond the legislative power." *See id.*

*Nelson*, thus, reasoned that the Open Courts provision is violated by requiring one to take an action he or she did not know was required and should not reasonably have known was required. *Nelson*, 678 S.W.2d at 922. *Nelson* considered how onerous the provision was when it questioned whether the Nelsons' burden was "any less onerous than requiring a party to sue where there are no courts? *See H. Runge & Co. v. Wyatt*, 25 Tex. (Supp.) 291 (1860)." *Nelson* also considered the perceived arbitrariness of the statutory condition, citing *Dillingham*. Citing the *Hanks* case, *Nelson* also considered the lack of knowledge of the plaintiff, finding there that the lack of knowledge set up an "impossible requirement."

Here, like the situation in *Nelson*, this statutory provision would require Doan, once her attorney died, to do the practically impossible—to serve an expert report within approximately the last three weeks before the statutory deadline, although she did not know and had no reason to know of her attorney's death. Given the statutorily decreed 120-day period for serving an expert report and her attorney's death with about twenty days left in that period, it is onerous and arbitrary to require Doan to have served her expert report thereafter, notwithstanding her lack of knowledge about the situation and notwithstanding the fact that she was the only person in the world who had the authority to take the action before the deadline. Thus, as applied to Doan, an unknowingly unrepresented litigant, the Open Courts provision ought to provide some relief. The contrary

12

result "is rightly described as 'shocking' and is so absurd and so unjust that it ought not be possible." *Nelson*, 678 S.W.2d at 923 (citing *Hays v. Hall*, 488 S.W.2d 412, 414 (Tex. 1972); *Gaddis v. Smith*, 417 S.W.2d 577, 580, 581 (Tex. 1967)).

But, here, an expert report could have been served in the approximately 100 days between the time Doan's attorney filed suit and the day he died. The statutory scheme did not set up a practical impossibility, when the full filing period is considered. For that reason, I concur in the result set forth in the majority opinion.


Josh R. Morriss, III
Chief Justice

Date Submitted:     November 12, 2010
Date Decided:       December 15, 2010

13