

IN THE
TENTH COURT OF APPEALS

No. 10-14-00152-CV

ANA MARIA GONZALEZ SALAIS, INDIVIDUALLY
AND AS REPRESENTATIVE OF THE ESTATE
OF RUBEN GONZALEZ, DECEASED,

                                                            Appellants

 v.

MEXIA STATE SCHOOL AND TEXAS DEPARTMENT
OF AGING & DISABILITY SERVICES,

                                                            Appellees


From the 77th District Court
Limestone County, Texas
Trial Court No. 28901A


MEMORANDUM OPINION


This case returns a third time.[1] In the first appeal, we held that the expert report

of paramedic James Wohlers on the standard of care and its breach was adequate and

that Wohlers was qualified. *Salais v. Tex. Dep't of Aging & Disability Serv's*, 323 S.W.3d

---

[1] The background of the case is well known to the parties; thus, we do not recite it here in detail. Because the dispositive legal issues are settled, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

527, 532-34 (Tex. App.—Waco 2010, pet. denied). We also held that the expert report of Dr. Donald Winston on causation was adequate but that his report and CV failed to show that he was qualified to render an expert opinion on causation in this case; we concluded: "Dr. Winston's report is technically deficient—as opposed to being "no report"—because the report lacks his qualifications to give an expert opinion on causation." *Id.* at 537. We therefore remanded the case to the trial court to consider and rule on Salais's motion for a thirty-day extension to attempt to cure the deficiency in Dr. Winston's report. *Id.*

The trial court held a hearing on Salais's motion for a thirty-day extension, denied the motion, and granted TDADS's motion to dismiss Salais's health-care liability claim. Salais appealed again, and we reversed the trial court's denial of the motion for a thirty-day extension and remanded the case with instructions for the trial court to grant a thirty-day extension under section 74.351(c). *Salais v. Mexia State School*, No. 10-11-00446-CV, 2013 WL 2639179, at *3 (Tex. App.—Waco June 6, 2013, no pet.).

On June 24, 2013, the trial court signed an order granting the extension for the serving of expert report(s) until July 27, 2013.[2] On August 12, 2013, TDADS filed a motion to dismiss, asserting that Salais had failed to timely file the report. Salais then filed a "motion for extension of time to locate expert and cure expert report," and it made the following assertions:

- The motion to dismiss was served on Salais by fax on August 9, and the motion to dismiss was the first notice to Salais that the trial court had granted her motion for thirty-day extension.

- Salais telephoned the trial court on August 14 and that day received a copy of the

---

[2] The order expressly provided an additional three days to "provide notice to parties of" the order.

June 24 order electronically. Salais learned that the order had been mailed to counsel's "old address."

- Also on August 14, Salais attempted to contact Dr. Winston, her expert, and learned that he had died in 2010.[3]

Salais's motion requested an extension of time of thirty days from the date of the order granting the motion to locate a new expert and file a new report. The motion also requested denial of TDADS's motion to dismiss. On February 4, 2014, Salais filed the new report of Bruce Taylor, a paramedic. After a hearing, the trial court granted TDADS's motion to dismiss, and this appeal ensued.[4]

In two issues, Salais asserts that the trial court erred in granting the motion to dismiss and denying the motion for extension of time. A trial court's ruling on a motion to dismiss a health-care liability claim is reviewed for an abuse of discretion. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001).

Subsection 74.351(c) of the Civil Practice and Remedies Code provides:

(c) If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant **one** 30-day extension to the claimant in order to cure the deficiency. If the claimant does not receive notice of the court's ruling granting the extension until after the 120-day deadline has passed, then the 30-day extension shall run from the date the plaintiff first received the notice.

---

[3] Salais filed suit in 2008. Dr. Winston's report is dated March 17, 2009.

[4] The dismissal order dismissed "Plaintiff's lawsuit" "as to Defendant, Mexia State School and Defendant, Texas Department of Aging & Disability Services." Our first opinion addressed Salais's "health-care liability cause of action," which is Count 3 of Salais's Third Amended Petition. *Salais*, 323 S.W.3d at 531. Counts 1 and 2 allege negligence and negligence per se, respectively, against TDADS. Because the parties did not litigate whether Counts 1 and 2 are health-care liability claims and were properly dismissed, that issue is not before us.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c) (West Supp. 2014) (emphasis added). Whether this statute permits additional time or more than one extension is a question of law that we review de novo. *See Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011).

As set out above, the trial court granted Salais's motion for a thirty-day extension, and the report was due on or before July 27, 2013. Assuming without deciding that Salais did not receive notice of the order until August 14, 2013, as Salais asserts, then Salais had thirty days after August 14 to serve her expert report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c). Salais served the expert report of Bruce Taylor, a paramedic, on February 4, 2014, as a substitute for Dr. Winston's report. Taylor's report was untimely.

The Texas Supreme Court has interpreted subsection 74.351(c) as authorizing "a *single* thirty day extension to cure the deficiency… ." *Badiga v. Lopez*, 274 S.W.3d 681, 682 (Tex. 2009) (emphasis added). When an expert report is filed *after* the expiration of the thirty-day extension period, the expert report is deemed to be unserved, and the trial court has "no discretion to take any other action than dismissing the claim." *Nexion Health at Beechnut, Inc. v. Paul*, 335 S.W.3d 716, 718 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Courts have rejected arguments that the expert report deadlines of section 74.351 should be extended due to equitable considerations. *See Offenbach v. Stockton*, 285 S.W.3d 517, 521 (Tex. App.—Dallas 2009), *aff'd*, 336 S.W.3d 610 (Tex. 2011); *Estate of Regis v. Harris County Hosp. Dist.*, 208 S.W.3d 64, 68 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Herrera v. Seton Northwest Hosp.*, 212 S.W.3d 452, 460 (Tex. App.—Austin 2006, no pet.). For example, when the trial court dismissed the claim because the report was served one

hour and fourteen minutes late, the appellate court upheld the trial court's dismissal, noting that section 74.351 mandated dismissal. *Nexion Health*, 335 S.W.3d at 718. Similarly, when the claimant unsuccessfully attempted to serve the report via facsimile on the 120th day, the appellate court upheld the trial court's dismissal. *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 850, 854 (Tex. App.—Texarkana 2006, no pet.).

In *Doan v. Christus Health Ark-La-Tex*, 329 S.W.3d 907 (Tex. App.—Texarkana 2010, no pet.), the claimant's attorney, a solo practitioner, died unexpectedly before the expiration of the expert-report deadline, and the trial court's dismissal was upheld on appeal, even though the claimant did not know that her attorney had died. *Id*. at 912. The court reasoned that the Legislature made it clear that a court does not have discretion to extend the deadline for serving an expert report:

> We seriously doubt that the Legislature envisioned that this rule would summarily deny this claim—the purpose of the statute was to deter frivolous claims. But, in this matter, the Legislature removed all discretion from the judicial system, which inevitably leads to harsh and unintended results. Judges in Texas are allowed to exercise judgment and discretion in cases involving life and death, but in the filing of an expert report, the law prohibits it.

*Id*. The inability of trial courts to grant equitable extensions has yielded "harsh consequences," but "it is up to the legislature, not [the courts], to provide for grace periods." *Nexion Health*, 335 S.W.3d at 719; *see SSC Robstown Operating Co. LP v. Perez*, No. 13-12-00318-CV, 2013 WL 1838597, at *4 (Tex. App.—Corpus Christi 2013, pet. denied) (mem. op.); *Estate of Regis*, 208 S.W.3d at 68; *Mokkala v. Mead*, 178 S.W.3d 66, 76 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

Salais cites *Columbia North Hills Hosp. Subsidiary, L.P. v. Alvarez*, No. 02–10–00342–CV, 2011 WL 3211239 (Tex. App.—Fort Worth July 28, 2011, no pet.) (mem. op. on reh'g), as authority that an additional extension can be granted, but that case is substantially distinguishable. There the trial court found that the deficient expert report was a good-faith report, granted a thirty-day extension, and then found that the deficient expert report had been cured within the thirty-day extension period. *Id.*, 2011 WL 3211239, at *2. On appeal, the court found that the report was still deficient, but for a different reason; thus, the court remanded the case for the trial court to consider a thirty-day extension of time for the claimants to cure the deficiencies found on appeal, as the claimants had not had the opportunity to cure those deficiencies. *Id.*, 2011 WL 3211239, at *7. On remand, the trial court granted the claimants a thirty-day extension to file an amended report. *Columbia North Hills Hosp. Subsidiary, L.P. v. Alvarez*, 382 S.W.3d 619, 623 (Tex. App.—Fort Worth 2012, no pet.); *see also TTHR Ltd. P'ship v. Moreno*, 401 S.W.3d 163, 170 (Tex. App.—Fort Worth 2011) (remanding "the case so that the trial court has the opportunity to determine whether Moreno should be granted a thirty-day extension to cure what we have held to be deficient"), *aff'd in part and rev'd in part,* 401 S.W.3d 41, 45 (Tex. 2013) (affirming but declining to "consider whether the TMLA authorized the court of appeals to remand the case to the trial court for it to consider granting a second extension of time for Moreno to cure her reports"); *Gates v. Altaras*, No. 10–09–00236–CV, 2010 WL 965960, at *3 (Tex. App.—Waco Mar. 10, 2010, no pet.) (mem. op.) (remanding case to trial court to consider extension despite fact that parties previously agreed to one extension in trial court because report was not found to be deficient until appeal).

We have twice remanded this case to the trial court with notice to Salais that Dr. Winston's expert report was deficient because it failed to show how he was qualified to render an expert opinion on causation. *Salais*, 2013 WL 2639179, at *1-2; *Salais*, 323 S.W.3d at 535-36. Upon our second remand, after receipt of notice of the trial court's order granting a thirty-day extension and after learning that her causation expert had died, Salais still had thirty days to find a new causation expert and to timely serve a new expert report on causation.[5] Because Salais did not do so, and because Salais is not entitled to an additional extension under the facts of this case, the trial court properly dismissed her claim. We overrule her two issues and affirm the trial court's dismissal order.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed November 5, 2015
[CV06]

---

[5] We noted above that the expert report of Bruce Taylor, a paramedic, was untimely, as it was filed over four months after Salais received notice of the trial court's order granting the thirty-day extension. Salais also asserts that the Taylor report cured the deficiency in Dr. Winston's report and that TDADS has not objected to the Taylor report. Because the Taylor report was untimely (and was filed just a few days before the hearing on the motion to dismiss) and an extension had not been granted for its filing, TDADS had no need to object to it. Furthermore, the Taylor report did not cure Dr. Winston's report because Taylor, a paramedic, is not qualified to opine on causation in this case. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(r)(5)(C) (providing that only a physician can be an expert giving opinion testimony on causal relationship); *Salais,* 323 S.W.3d at 534.